358 So.2d 588 (1978)
Mae ROBERTS, Petitioner,
v.
Patricia JARDINE, Respondent.
No. 78-474.
District Court of Appeal of Florida, Second District.
May 10, 1978.
W. Donald Cox of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for petitioner.
E. Clinch Kavanaugh, III of Smythe & Kavanaugh, Bradenton, for respondent.
RYDER, Judge.
Petitioner seeks review of two orders of the trial court which compel discovery, arguing the orders are in violation of her Fifth Amendment right against self-incrimination. We agree with her in part and grant certiorari, reversing one order and affirming the other.
At the bottom of this controversy is respondent's claim that petitioner had made a tape recording of a certain telephone conversation between the parties without respondent's knowledge. Mr. William J. Terry, petitioner's attorney in a previous action, played this recording during a deposition of respondent in said action in which *589 petitioner was the plaintiff and the respondent was a witness. Upon learning of the existence of the tape, respondent filed a civil action for damages alleging that petitioner had intercepted their telephone conversation by means of an electronic or mechanical device in violation of Section 934.10, Florida Statutes (1977).
Thereafter, respondent served interrogatories on petitioner inquiring into the circumstances surrounding the alleged interception of the telephone call. Petitioner refused to answer these interrogatories on the ground that any answer she gave might incriminate her.
Respondent also served petitioner with a request for documents and other related things in which she specifically asked for a copy of the tape recording referred to above as well as any other recordings of conversations between respondent, petitioner and/or William J. Terry. Petitioner also did not comply with this request.
Subsequently, on motion of respondent, the trial court entered two orders compelling discovery. In the first order the court required petitioner to answer interrogatories and stated that if she failed to answer the court might enter a default judgment. In the second order the court directed petitioner to comply with the request for discovery or suffer a default judgment.
We think that the trial court erred in entering its order compelling petitioner to answer interrogatories on pain of the entry of a default judgment. As petitioner correctly points out, the interception of telephone conversations by electronic or mechanical means carries a criminal as well as a civil penalty. Section 934.03, Florida Statutes (1977). Accordingly, the court cannot compel petitioner to answer respondent's interrogatories as the answers relating to her alleged interception of the telephone conversation might incriminate her. U.S.Const. Amend. V; Article I, Section 9, Florida Constitution. Moreover, the court cannot punish her for exercising her privilege against self-incrimination by entering a default judgment. Of course, for failure to answer, the court may impose less severe sanctions such as striking her testimony. Annest v. Annest, 49 Wash.2d 62, 298 P.2d 483 (1956). See generally Stockham v. Stockham, 159 So.2d 481 (Fla. 2d DCA 1963), aff'd, 168 So.2d 320 (Fla. 1964); Penn Communications Specialties, Inc. v. Hess, 65 F.R.D. 510 (E.D.Pa. 1975).
We do not, however, find any error in the court's second order as it relates to the production of the alleged tape recording of the conversation between petitioner and respondent. Petitioner has waived any privilege she might have with regard to the contents of that tape because she published those contents by permitting the playing of the tape during the deposition of respondent. See Raffield v. State, 333 So.2d 534 (Fla. 1st DCA 1976).
The correctness of the court's second order as it concerns other recordings which might be in petitioner's possession is not considered here. Petitioner has not represented to us that any such recordings exist, thus, we see no need to proceed further.
REVERSED in part, AFFIRMED in part and REMANDED for further proceedings consistent with this opinion.
BOARDMAN, C.J., and HOBSON, J., concur.