405 So.2d 300 (1981)
William C. LEWIS, Trustee, Debtor in Possession and William C. Lewis, Individually, Petitioner,
v.
FIRST AMERICAN BANK OF PALM BEACH COUNTY, a Florida Banking Corporation, Respondent.
No. 81-1573.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
*301 Gary I. Zwickel of Zwickel, Gross & Kessler, Lake Worth, for petitioner.
Steven J. Greenwald of L.M. Taylor, Lawyers, North Palm Beach, for respondent.
PER CURIAM.
The defendant in an action based on alleged fraud petitions this Court to review an order compelling him to answer certain questions propounded to him at the taking of his deposition. The petitioner contends that his answers would tend to incriminate him or would constitute a link in a chain of evidence leading to his conviction.
It is well settled that in any type of proceeding a person is exempt from answering questions which may directly or indirectly incriminate him. State v. Sullivan, 37 So.2d 907 (Fla. 1948). The matter of deciding what answers may be incriminating is not solely up to the witness himself, but is one requiring the exercise of the trial court's discretion. State v. Kelly, 71 So.2d 887 (Fla. 1954). In exercising this discretion, the court must determine whether the witness has reasonable cause to apprehend danger from a direct answer. The court may require the witness to answer only if it is perfectly clear that the witness is mistaken in his apprehensions and the answers cannot possibly have a tendency to incriminate. United States v. Goodwin, 625 F.2d 693 (5th Cir.1980).
In reviewing the questions which the trial court included in its order, we find that the answers to a majority of them could directly or indirectly incriminate the petitioner and that his apprehensions are real. We therefore grant his petition for certiorari on all questions except the two found on pages 25 and 27 of his deposition. As to those two questions, the answers to which cannot possibly incriminate him, the petition is denied. The order of the trial court is quashed except as to the noted questions.
QUASHED AND REMANDED.
LETTS, C.J., and MOORE and BERANEK, JJ., concur.