436 So.2d 1099 (1983)
Theodore J. DeLISI, Sr., et al., Petitioners,
v.
BANKERS INSURANCE COMPANY, a Florida Corporation, Respondent.
No. 82-1946.
District Court of Appeal of Florida, Fourth District.
September 7, 1983.
A.J. Barranco, Jr., and Steven Cripps of Barranco & Kellough, P.A., Miami, for petitioners.
Steven L. Selph of Harris, Barrett & Dew, St. Petersburg, for respondent.
HURLEY, Judge.
The petitioner invoked his Fifth Amendment privilege against self-incrimination during a civil discovery deposition. Thereafter, the trial court entered an order imposing sanctions. Now, by petition for writ of certiorari, we are asked to review the propriety of the trial court's decision. Upon consideration of the record, we conclude that the trial court departed from the essential requirements of law by failing to employ the correct test to determine whether the petitioner was justified in invoking the Fifth Amendment privilege. Accordingly, we issue the writ, quash the order imposing sanctions and remand the cause for further proceedings consistent with this opinion.
A sketch of the factual background will aid in understanding the present posture of the case. Multiple defendants, including *1100 the petitioner's son, were charged with various criminal violations in the Circuit Court for the Tenth Judicial Circuit. Respondent, Bankers Insurance Company ("Bankers"), insured appearance bonds which were posted on behalf of the defendants. To secure the bonds, the petitioner DeLisi, on his own behalf, and as "attorney in fact" for some of the defendants seeking to post bond, granted a mortgage deed, subsequently augmented by mortgage modification agreement, to Bankers as collateral for the bond. Subsequently, the criminal defendants forfeited their bonds by failing to appear. As a result, Bankers filed suit in the Circuit Court for the Seventeenth Judicial Circuit to foreclose upon the mortgage securing the bonds. Mr. DeLisi filed an answer and asserted two affirmative defenses: (1), that he was not legally authorized to mortgage the properties on behalf of the four defendants, and, (2), that various previously recorded quitclaim deeds by petitioner to "DeLisi Property Management" and to Mr. DeLisi and his brother, as tenants in common, were for valuable consideration and, therefore, placed the mortgage grants outside the chain of title.
As the foreclosure suit progressed, Bankers sought to depose Mr. DeLisi regarding his personal and corporate finances, his ownership interests in the mortgaged properties, and the present location of the defendants who had failed to appear in the criminal action. Mr. DeLisi invoked his Fifth Amendment privilege in response to all deposition questions, save for his name, address, age, date of birth, and the fact that he had seen Bankers' complaint. Accordingly, Bankers filed two motions to compel.
In the ensuing hearings, the trial court basically reasoned that it could not compel Mr. DeLisi to answer the questions to which he had asserted the privilege, but that it could sanction Mr. DeLisi's failure to answer by striking his pleadings and entering a default against him. In taking this action, the court did not attempt to determine whether there was a realistic possibility that the requested answers could be used to convict Mr. DeLisi of a crime. Rather, the court seemed to travel on its own understanding of the "sword and shield" theory. After concluding that the deposition questions were within the proper scope of civil discovery, it ruled that Mr. DeLisi's pleadings should be stricken and a default entered due to his failure to answer the deposition questions.
Initially, we note that the trial court incorrectly applied the "sword and shield" metaphor. This phrase embraces the rule "that a plaintiff may not seek affirmative relief in a civil action and then invoke the Fifth Amendment to avoid giving discovery in matters pertinent to the litigation." City of St. Petersburg v. Houghton, 362 So.2d 681, 685 (Fla. 2d DCA 1978). In language approved by the Houghton decision, one court has gone so far as to note that "[p]lain justice dictates the view that regardless of plaintiffs' intention, plaintiffs must be deemed to have waived their assumed privilege by bringing this action... ." Independent Productions Corp. v. Loew's Inc., 22 F.R.D. 266, 276 (S.D.N.Y. 1958). In the case at bar, petitioner's assertion of affirmative defenses does not constitute a voluntary application for affirmative relief so as to permit utilization of the "sword and shield" doctrine. Thus, the trial court erred in resolving the case on this basis.
The test which should have been applied was restated recently in two cases: DeLisi v. Smith, 423 So.2d 934 (Fla. 2d DCA 1982) and Pillsbury Co. v. Conboy, ___ U.S. ___, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983). DeLisi, interestingly enough, involved the same parties who are now before this court. The principal issue there was whether a RICO forfeiture action[1] was essentially civil (remedial) or criminal (punitive) in nature. The Second District concluded that it was civil or remedial. In the process of announcing its decision, the court also noted *1101 that there are two aspects of the privilege against self-incrimination:
The first involves the absolute prohibition of compelling a defendant in a criminal case to testify against himself. The second pertains to the right of a witness in a proceeding other than a criminal prosecution in which he is a defendant to refuse to respond to interrogation on the grounds that his answers might tend to incriminate him.
DeLisi v. Smith, supra at 935.
Obviously, since a mortgage foreclosure action is a civil proceeding, here we are concerned with the second aspect of the Fifth Amendment privilege. Mr. DeLisi claims that substantive responses to the questions posed will potentially implicate him in state and federal criminal violations. Our sister court in DeLisi held that when a trial court is presented with such a contention, it must exercise its discretion and determine whether it is reasonably possible that answers to either interrogatories or deposition questions could evoke a response "forming a link in the chain of evidence which might lead to criminal prosecution." DeLisi, supra, at 938.
Justice Marshall in his concurring opinion in Pillsbury Co. v. Conboy, ___ U.S. ___, 103 S.Ct. 608, 619, 74 L.Ed.2d 430, 445-446 n. 1 (1983), reiterated the same test:
A witness is generally entitled to invoke the Fifth Amendment privilege against self-incrimination whenever there is a realistic possibility that his answer to a question can be used in any way to convict him of a crime. It need not be probable that a criminal prosecution will be brought or that the witness's answer will be introduced in a later prosecution; the witness need only show a realistic possibility that his answer will be used against him. Moreover, the Fifth Amendment forbids not only the compulsion of testimony that would itself be admissible in a criminal prosecution, but also the compulsion of testimony, whether or not itself admissible, that may aid in the development of other incriminating evidence that can be used at trial....
The privilege is inapplicable only "if the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness." [Citations omitted.]
See also Lewis v. First American Bank of Palm Beach County, 405 So.2d 300 (Fla. 4th DCA 1981); Litchford, The Privilege Against Self-Incrimination in Civil Litigation, 57 Florida Bar Journal 139, 140 (1983).
In the present case, the trial court burdened the petitioner's assertion of the Fifth Amendment privilege without discerning whether the petitioner was entitled to invoke the privilege. In short, the court failed to apply the proper test and, thus it is difficult to determine whether any sanctions are justified. On remand, the court should reexamine the issue, utilizing the test set forth herein. If the court determines that some sanctions are warranted, it may consider those authorized in Roberts v. Jardine, 358 So.2d 588 (Fla. 2d DCA 1978). Accordingly, we issue the writ, quash the order on sanctions and remand for further proceedings consistent with this opinion.
DOWNEY and WALDEN, JJ., concur.
NOTES
[1] Sections 943.46-943.465, Fla. Stat. (1979); subsequently revised and recodified, sections 895.01-895.06, Fla. Stat. (1981).