HOBSON, Acting Chief Judge.
Gregory Cliff Evans, Robert Kimball Anderson and Randy Lynn Lawson, claimants below, petition this court for a writ of certiorari to review a trial court order which compels them to submit to discovery through request for admissions and written interrogatories on pain of sanctions being considered by the court. The petitioners argue that to answer all of the propounded interrogatories and request for admissions would violate their Fifth Amendment right against self-incrimination. We agree. Finding that the order departs from the essential requirements of law, we grant the petition and vacate the order.
The salient facts of this case are as follows: Petitioners are claimants to property seized by respondents pursuant to sections 932.701-932.704, Florida Statutes (1981). In addition to being claimants in this civil forfeiture proceeding, petitioners are defendants in a pending collateral criminal case.
As required by statute, respondents filed a petition for rule to show cause and for final order of forfeiture. The answer and affirmative defenses that were filed by the petitioners show that the petitioners are actively contesting the respondents’ right to forfeit the seized property.
After filing their answers, the petitioners were served with first interrogatories to claimants and first request for admissions. The petitioners filed responses to the request for admissions and interrogatories basically refusing to answer because the facts and circumstances sought in the discovery requests dealt with the issues involved in the pending criminal charge. The petitioners asserted that to require them to answer the documents would violate their constitutional right against self-incrimination. Subsequently, the respondents filed a motion to test the sufficiency of petitioners’ response and objections to request for admissions and interrogatories and moved for an order compelling discovery. A hearing was held on the respondents’ motion and the order complained of in this petition was entered.
This court has previously addressed the issue of whether the trial court may order a petitioner to submit to discovery on pain of severe sanctions when to answer the discovery request might violate the petitioner’s Fifth Amendment right against self-incrimination.
In Roberts v. Jardine, 358 So.2d 588, 589 (Fla. 2d DCA 1978), this court stated:
We think that the trial court erred in entering its order compelling petitioner to answer interrogatories on pain of the entry of a default judgment. As petitioner correctly points out, the interception of telephone conversations by electronic or mechanical means carries a criminal as well as a civil penalty. Section 934.03, Florida Statutes (1977). Accordingly, the court cannot compel petitioner to answer respondent’s interrogatories as the answers relating to her alleged interception of the telephone conversation might incriminate her. U.S. Const. Amend. V; Article I, Section 9, Florida Constitution.
*35 .To require the petitioners to submit to discovery by answering all of the questions propounded through the request for admissions and interrogatories might incriminate them. Accordingly, we grant the writ of certiorari and vacate the lower court’s order with instructions to the trial judge to limit discovery by requiring the petitioners to answer only those questions which do not impinge on the petitioners’ Fifth Amendment protection.
CERTIORARI GRANTED.
RYDER and DANAHY, JJ., concur.