GLICKSTEIN, Judge.
In this installment of a continuing saga, American Air Transport, Inc., and George M. Chappell, two defendants in a lawsuit in the Palm Beach County circuit court, appeal a non-final order denying Seafirst’s motion to compel discovery, but imposing sanctions on Chappell. If this court has jurisdiction it must be by way of Florida Rule of Appellate Procedure 9.040(c) and pursuant to Rule 9.030(b)(2)(A), which provides for the certiorari jurisdiction of district courts of appeal. We conclude that we have jurisdiction and grant the petition.
The facts reveal that on June 29, 1983 plaintiff/appellee Seafirst, filed an action in replevin and for damages against appellants and Frank Bachner, doing business as Southeast Aircraft Company. After various motions and hearings thereon discovery began. On September 14, 1983, Seafirst filed a request for production to defendant Chappell. Chappell filed his objections on October 14, 1983. On September 28, 1983, Seafirst propounded a set of interrogatories to Chappell, who responded on October 28, 1983, by invoking his Fifth Amendment privilege against self-incrimination. Seafirst noticed Chappell’s deposition for October 13, 1983. At deposition, Chappell rested on his Fifth Amendment privilege in response to every question dealing with substantive issues of the suit. On October 17, 1983, Chappell filed his answer and affirmative defenses.
Seafirst filed a motion to compel discovery with respect to its request to produce, interrogatories and deposition questions. Upon hearing the trial court denied Seafirst’s motion to compel, but also prohibited Chappell from presenting at trial any evidence or testimony concerning his affirmative defenses. This appeal/petition for writ of certiorari followed. The issue is whether the trial court failed to comply with the essential requirements of law when it imposed sanctions on the defendant while denying plaintiff’s motion to compel discovery. We conclude that it did.
Appellants erroneously contend, on the authority of Florida Rule of Civil Procedure 1.380(b), sanctions such as those applied in the instant case may be applied only if a party fails to obey an order to provide or permit discovery. Rule 1.380(b) describes court procedures and powers relating to discoverable matters. Rule 1.280(b)(1) excludes privileged matters from those which are subject to discovery. Therefore it does not follow that an order to compel discovery is an indispensable precursor to such sanctions when a privilege is claimed.
Florida case law applicable to the present facts is sparse. It is clear that one who initiates a judicial proceeding and then invokes the Fifth Amendment privilege to shield herself from discovery may be denied the opportunity of continuing her litigation. See Minor v. Minor, 240 So.2d 301 (Fla.1970); Stockham v. Stockham, 168 So.2d 320 (Fla.1964). But here the deponent claiming the privilege against self-incrimination is a defendant. The first pertinent Florida case appears to be Roberts v. Jardine, 358 So.2d 588 (Fla. 2d DCA 1978). There Jardine sued Roberts for damages resulting from Roberts’ illegally intercepting a certain telephone conversation be-tweeh them. When Jardine sought discovery, first by interrogatories and later by request for documents and other things, *1039 Roberts would not comply on Fifth Amendment grounds. On plaintiff Jardine’s motion, the trial court entered two orders in which, essentially, the court required defendant Roberts to answer the interrogatories and comply with discovery on pain of entry by the court of a default judgment. Insofar as is here pertinent, the appellate court held the trial court could not compel Roberts to comply with discovery at the risk of self-incrimination, and could not punish her for exercising her constitutional privilege by entering a default judgment. The court of appeal said the trial court could, however, impose less severe sanctions, such as striking her testimony.
The most closely pertinent Florida case was fairly recently decided by this court. In DeLisi v. Bankers Insurance Company, 436 So.2d 1099 (Fla. 4th DCA 1983), DeLisi had invoked his privilege against self-incrimination during discovery deposition in a suit against him. The trial court entered an order imposing sanctions against him. This court held the trial court departed from the essential requirements of law by failing to employ the correct test to determine whether DeLisi was justified in invoking the Fifth Amendment privilege. This court quashed the order imposing sanctions and remanded for further proceedings consistent with the opinion.
The essence of the facts in DeLisi is as follows: Bankers Insurance sued to foreclose on a mortgage deed DeLisi had granted as security for insured appearance bonds for his son and some other criminal defendants, who had thereafter absconded. Bankers Insurance’s deposition questions regarding DeLisi’s personal and corporate finances, and concerning the whereabouts of the criminal defendants who had failed to appear, prompted DeLisi’s invocation of the privilege against self-incrimination. The trial court reasoned it could not compel DeLisi to answer the questions, and without assessing whether there was a realistic possibility the requested answers could in fact be used to convict DeLisi of a -crime, the court ruled DeLisi’s pleadings should be stricken and a default entered, as sanctions.
This court cited the tests of DeLisi v. Smith, 423 So.2d 934 (Fla. 2d DCA 1982) and Pillsbury Co. v. Conboy, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983) as indicative of what the trial court should have done to determine whether any sanctions were justified. This court said that if justification was found, the trial court could then consider the sanctions authorized in Roberts v. Jardine.
The DeLisi v. Smith test requires the court to exercise its discretion to “determine whether it is reasonably possible that answers to either interrogatories or deposition questions could evoke a response ‘forming a link in the chain of evidence which might lead to criminal prosecution.’ DeLisi, supra, at 938.” 436 So.2d at 1101. The Conboy test, which amounts to the same thing, states “[t]he privilege is inapplicable only ‘if the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness.’ [Citations omitted.]” 436 So.2d at 1101 {quoting Pillsbury Co. v. Conboy, 459 U.S. at 266, 103 S.Ct. at 619, 74 L.Ed.2d at 445-46 n. 1 (1983) (Marshall, J., concurring)).
In the instant case, as in DeLisi v. Bankers Insurance, there is no indication the trial court applied the appropriate test before applying sanctions. Moreover, the sanctions applied go beyond those permitted under Jardine. Thus, the trial court departed from the essential requirements of law. Upon resumption of jurisdiction, the trial court is authorized to reconsider the matter by application of the DeLisi v. Bankers Insurance test. If the trial court finds the privilege was properly claimed, sanctions may not exceed those stated in Jardine.
HURLEY and WALDEN, JJ., concur.