463 So.2d 289 (1984)
Jeffrey A. FISCHER, Petitioner,
v.
E.F. HUTTON & CO., INC., Respondent.
No. 84-2127.
District Court of Appeal of Florida, Second District.
December 7, 1984.
*290 Paul R. Golis of Russell L. Forkey, P.A., Fort Lauderdale, for petitioner.
George Franjola and Johnson S. Savary of Kirk, Pinkerton, Savary, Carr & Strode, P.A., Sarasota, for respondent.
CAMPBELL, Judge.
Petitioner, Jeffrey A. Fischer, seeks review of the trial court's order compelling him to answer deposition questions and to produce the documents requested by respondent, E.F. Hutton & Co., Inc. We deny certiorari.
Respondent served petitioner with a notice of deposition and a request to produce certain documents on July 5, 1984. No written response to the request to produce was filed.
At his deposition on August 14, 1984, petitioner responded to two questions by stating his name and by affirming that he is the defendant in the subject lawsuit filed by respondent. In response to a third question concerning his occupation, petitioner invoked his privilege against self-incrimination as secured by the fifth and fourteenth amendments to the United States Constitution. He stated that he would refuse to answer any questions relating to the allegations contained in the complaint. Respondent then asked petitioner to produce the documents which had been requested on July 5, 1984. Petitioner's counsel stated that he was not aware of the request to produce and that there must have been "a mix-up" at his office. After reviewing a copy of the request to produce, petitioner's counsel stated, "I believe most of this stuff is in the possession of the F.B.I." Petitioner stated, "I'm not in possession of any of them." The deposition was concluded immediately thereafter.
On August 15, 1984, a motion to compel discovery was filed by respondent. On September 17, 1984, the motion was granted. Petitioner was ordered to answer respondent's questions at deposition and to produce those documents previously requested. The order provided for imposition of sanctions against petitioner if he failed to comply with the order.
Petitioner argues that the trial court improperly compelled him to answer based on the "sword and shield" doctrine. Under this doctrine, a party may not voluntarily seek affirmative relief in a civil suit and then invoke the fifth amendment to avoid discovery of matters pertinent to the litigation. See City of St. Petersburg v. Houghton, 362 So.2d 681 (Fla. 2d DCA 1978). Petitioner claims that contrary to the findings of the trial court, his affirmative defenses do not change his status from an involuntary party to a voluntary party, so as to preclude him from exercising his fifth amendment privileges. We agree with petitioner's presentation of the law based on Delisi v. Banker's Insurance Co., 436 So.2d 1099 (Fla. 4th DCA 1983). However, we cannot agree with its application in the case at bar because there is nothing in the trial court's order indicating that it is based on the reasoning set forth by petitioner.
Petitioner also argues that following his assertion of his fifth amendment privilege, the trial court failed to determine if the deposition questions and the resulting answers could lead to criminal conviction and, therefore, the trial court erred in ordering him to answer the deposition questions. Finally, petitioner seeks to invoke his fifth amendment privilege in regard to the documents requested.
We agree that in a civil proceeding, a person is exempt from answering questions which may constitute a link in a *291 chain of evidence leading to his conviction in a criminal case. See Pillsbury Company v. Conboy, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983); Delisi v. Smith, 423 So.2d 934 (Fla. 2d DCA 1982), pet. for rev. denied, 434 So.2d 887 (Fla. 1983). However, regarding petitioner's attempted exercise of his fifth amendment privilege as to the deposition questions, we find that the trial court did not err. Petitioner refused to answer any questions relating to the allegations of the lawsuit. Petitioner is required to make a specific objection to a particular question and, at that time, assert his fifth amendment privilege. At that point, the trial court should determine whether the answer could lead to criminal conviction as required by Delisi v. Smith and Delisi v. Banker's Insurance Company.
We note that petitioner never exercised his fifth amendment privilege in response to the request to produce documents in the trial court. He did not raise this defense at the deposition, nor did he file a written response as required by Rule 1.350(b), Florida Rules of Civil Procedure. The failure to invoke the fifth amendment privilege before the trial court precludes us from considering this issue. Secrist v. National Service Industries, Inc., 395 So.2d 1280 (Fla. 2d DCA 1981). Accordingly, we find that petitioner must produce the documents as ordered by the trial court or demonstrate why he cannot produce the documents.
For the foregoing reasons, we deny certiorari.
GRIMES, A.C.J., and SCHOONOVER, J., concur.