BARKETT, Justice,
dissenting.
I respectfully dissent based on my conclusion that the district court correctly applied fifth amendment principles to the facts of this case. The narrow issue presented here is whether the sole shareholder of a corporation can assert a personal fifth amendment privilege to prevent a state-coerced confession that he has in his possession potentially incriminating business records; as all concede, the records themselves are not privileged. I do not believe, as the majority apparently does, that the petitioner divested himself of a portion of his own fifth amendment rights merely by incorporating his business. To the contrary, he retains a personal right to invoke the fifth amendment in the face of any state-sponsored demand for testimonial information that might tend to incriminate him personally, whether or not it happens to involve the affairs of the corporation. As the United States Supreme Court recently has noted,
[although the contents of a document may not be privileged, the act of producing the document may be_A government subpoena compels the holder of the document to perform an act that may have testimonial aspects and an incriminating effect.
United States v. Doe, 465 U.S. 605, 612, 104 S.Ct. 1287, 1242, 79 L.Ed.2d 552 (1984) (emphasis added, citation omitted).
Nothing in Doe or elsewhere suggests that this rationale must be limited to subpoenas issued against sole proprietors. To the contrary, Doe assumes that the only relevant question when business records are subpoenaed is the effect of the act of production upon the personal rights of the individual, since the act itself necessarily is a confession that the individual has those records in his possession. See generally, Note, Organizational Papers and the Privilege Against Self-Incrimination, 99 Harv.L.Rev. 640, 654 (1986) (compelled testimony standard makes no distinction between personal and organizational papers). I do not see how this rationale can be reconciled with the majority’s holding that a sole shareholder lacks standing to claim a *907 personal fifth amendment privilege merely because the name on the subpoena is “Custodian of Records,” when petitioner in fact is one and the same person. Personal constitutional rights do not evaporate because a subpoena describes a person by a title, not a name. Moreover, the mere fact that a corporation must appoint a resident agent under section 607.034, Florida Statutes, does not in any sense constitute a waiver of personal fifth amendment rights, as the majority suggests.
Indeed, the settled law of this state is that anyone, even a witness, cannot be compelled personally to disclose a fact that forms an essential link in a chain of evidence that might subject him to conviction of any crime. State ex rel. Feldman v. Kelley, 76 So.2d 798 (Fla.1954); Meek v. Dean Witter Reynolds, Inc., 458 So.2d 412 (Fla. 4th DCA 1984). The information that such a witness is compelled to disclose need not in itself be sufficient for conviction, but is privileged if it merely may support a conviction when linked with evidence supplied from other sources. State ex rel. Benemovsky v. Sullivan, 37 So.2d 907 (Fla.1948); Wallace v. State, 41 Fla. 547, 26 So. 713 (1899); Albert v. Salce, 439 So.2d 339 (Fla. 3d DCA 1983); Lewis v. First American Bank of Palm Beach County, 405 So.2d 300 (Fla. 4th DCA 1981); Brizzie v. State, 120 So.2d 27 (Fla. 2d DCA 1960).
Based on my reading of Florida case law and the rationale of Doe, I therefore conclude that this petitioner indeed has standing to invoke a fifth amendment privilege. Petitioner essentially is being called upon as a witness against his own corporation and has asserted that the act of producing the subpoenaed records will tend to incriminate him. Doe held that the act of production in and of itself may constitute a coerced testimonial admission privileged under the fifth amendment, and that this question is an issue of fact for the trial court to determine. 465 U.S. at 613-14, 104 S.Ct. at 1242-43. I believe petitioner has properly invoked his personal privilege, and I therefore must conclude that the Third District correctly construed the fifth amendment. This matter should be remanded to the circuit court for a proper factual determination of the incriminating effect of production upon petitioner in his personal capacity. See id.
EHRLICH, J., concurs.