SHARP, Chief Judge.
Bond appeals from a final judgment of forfeiture in favor of the state. The trial court’s order and final judgment were specifically based on the adverse application of section 90.510, Florida Statutes (1985) against Bond. We reverse and hold that section 90.510 does not apply in a forfeiture case where the state claims privileged confidential communications are necessary in order to successfully assert a claim for forfeiture against the person claiming the privilege.
On September 17,1985, Bond was arrested for trafficking in cocaine and conspiracy to traffic in cocaine. At the time of his arrest, the police seized $13,000.00 in currency found in a thermos from the trunk of his wife’s car. The state commenced forfeiture proceedings under the Florida Contraband Forfeiture Act (sections 932.701-932.704), alleging that the $13,000.00 was contraband used or intended to be used in violation of Chapter 893 which prohibits the trafficking of cocaine. § 932.701(2)(a), Fla. Stat. (1985). Bond filed a response and claim of ownership of the money, denying that the currency was a contraband article under section 932.701.
Bond refused to respond to a request for admissions or to testify by deposition or interrogatory, invoking his fifth amendment right against self-incrimination. His wife, Tammy, also refused to testify by deposition or at trial on the basis of husband/wife confidential communications privilege. As to her personal knowledge, Tammy testified she never saw her husband sell drugs although she knew he regularly made trips to Miami.
Frustrated in its attempt to meet its burden to show probable cause for the belief that the money was furnished to finance drug trafficking,[1] the state submitted a written motion to dismiss Bond’s claim of ownership. The state relied on section 90.-510, arguing that it was precluded from obtaining testimony necessary to establish forfeiture because of Bond’s and his wife’s invocation of privileges. The trial court granted the state’s motion, thereby dismissing Bond’s claim, and after finding him in default, entered a final judgment of forfeiture.
Section 90.510 was enacted by Chapter 76-237, section 1, Laws of Florida (eff. July 1, 1977), and has no comparable federal provision. It states:
Section 90.510 Privileged communication necessary to adverse party;
In any civil case or proceeding in which a party claims a privilege as to a communication necessary to an adverse party, the court, upon motion, may dismiss the claim for relief or the affirmative defense to which the privileged testimony would relate. In making its determination, the court may engage in an in camera inquiry into the privilege.
The state argues that section 90.510 was properly used to dismiss Bond’s claim as owner of the $13,000.00. However, the privileged testimony does not relate to Bond’s claim as owner, but relates to the state’s claim for forfeiture under the forfeiture act. Bond was not asserting a claim for relief or an affirmative defense. *410 Therefore, section 90.510 was inapplicable to Bond’s claim.
Although courts have not had the opportunity to discuss application or interpretation of section 90.510, we note the commentary to section 90.510 in Graham, Handbook of Florida Evidence, § 510.1 (1987), which states “section 90.510 does not apply where the adverse party seeks privileged confidential communications in order to successfully assert a claim for relief or affirmative defense.”
Furthermore, case law has held that a defendant’s legitimate invocation of the privilege against self-incrimination in opposition to a discovery request may not be punished by rendering a default judgment in favor of the plaintiff. Roberts v. Jardine, 358 So.2d 588 (Fla. 2d DCA 1978); see also In re Forfeiture of $160,000.00, 444 So.2d 33 (Fla. 2d DCA 1983); Delisi v. Smith, 423 So.2d 934 (Fla. 2d DCA 1982), review denied, 434 So.2d 887 (Fla.1983); 30 A.L.R. 4th 9 (1984).
The final judgment of forfeiture is
REVERSED.[2]
COBB and COWART, JJ., concur.

. See Lobo v. Metro-Dade Police Dep't, 505 So.2d 621 (Fla. 3rd DCA 1987), and cases cited therein.

. This decision does not preclude the lower court from making a determination after trial, that forfeiture was warranted.