PER CURIAM.
This cause was filed as a petition for writ of certiorari which we treat as a non-final appeal under rules 9.130(a)(3)(C)(iii) and 9.040(c), Florida Rules of Appellate Procedure.
The issue on appeal is whether a husband in a dissolution action can be prohibited from participation in a custody hearing, as a sanction, where he has asserted a fifth amendment privilege in the dissolution action.
Briefly, the facts of this case are as follows: At a hearing on temporary custody, the wife’s attorney filed a motion seeking to prohibit the husband from offering evidence and to enter a default against him, based upon the fact that the husband availed himself of the fifth amendment throughout a deposition, refusing to answer questions about his income, expenses, or the accuracy of his federal tax return. The trial judge refused to grant a default, but did prohibit the husband from offering any evidence at the custody hearing. The trial judge then awarded custody to the wife, and ordered the husband to pay child support. The husband waived child support from the wife, should he receive custody of the child.
It is well settled in this district that a person may not seek affirmative relief in a civil action and then invoke the fifth amendment to avoid giving discovery, using the fifth amendment as both a “sword and a shield.” DeLisi v. Bankers Insurance Co., 436 So.2d 1099 (Fla. 4th DCA 1983). In DeLisi v. Bankers Insurance Co., noting the distinction between the sword and shield doctrine per se and the privilege against self-incrimination, this court adopted the rationale of a case from the Second District Court of Appeal, Delisi v. Smith, 423 So.2d 934, 935 (Fla. 2d DCA 1982), pet. for rev. denied, 434 So.2d 887 *1291 (Fla.1983), that, “when a trial court is presented with such a contention, it must exercise its discretion and determine whether it is reasonably possible that answers to either interrogatories or deposition questions could evoke a response ‘forming a link in a chain of evidence which might lead to criminal prosecution.’ ” 436 So.2d at 1101. In DeLisi v. Bankers Insurance Co., this court determined that the trial court had burdened the petitioner’s assertion of the fifth amendment without discerning whether the petitioner was entitled to invoke the privilege, by failing to apply the proper test, making it difficult to determine whether any sanctions were justified. Our reading of the DeLisi v. Bankers Insurance Co., in conjunction with American Air Transport, Inc. v. Seafirst Commercial Corp., 452 So.2d 1037 (Fla. 4th DCA 1984) and Stockham v. Stockham, 168 So.2d 320 (Fla.1964), indicates that the sword and shield test is not whether the party raising the privilege is a defendant or a plaintiff, as the wife argues, but whether the person is seeking affirmative relief, no matter what his designation as a party. The husband in the present case has filed a counterpetition for divorce and thus does indeed seek affirmative relief, fitting into the sword and shield category as discussed in the above cases. The wife is correct concerning the fact that the husband’s evidence can indeed be stricken as a sanction, where he seeks to use the fifth amendment as a sword and shield. See DeLisi v. Bankers Insurance Co., citing Roberts v. Jardine, 358 So.2d 588 (Fla. 2d DCA 1978).
This case is further complicated by the fact that also at issue is custody of the parties’ minor child. A determination of custody, as dictated by section 61.13, Florida Statutes (1986), is to consider the best interests of the child. When the husband agreed that he would be financially responsible for the child and pay any reasonable amount for his support, he effectively removed the relevancy of his finances from the custody determination. The trial judge’s ruling that the husband would be precluded from presenting any evidence in the custody hearing can be perceived only as a sanction against him for raising the fifth amendment privilege. However, the record indicates that the trial judge did not apply any of the formal tests enunciated under the standards discussed by this court in DeLisi v. Bankers Insurance Co. The issue with which we are concerned at the custody hearing is the best interests of the child. It was error for the judge to not allow the husband to offer evidence at the child custody hearing concerning these best interests of the child, a matter decided by this court in the earlier case of Doane v. Doane, 279 So.2d 46 (Fla. 4th DCA 1973). The wife argues that Doane is inapplicable because a default makes it factually distinguishable. On the contrary, we feel that the fact that the party in Doane was found to be in default makes the rationale weightier. If the wife in Doane should have been allowed to offer evidence concerning her child’s best interest, even though she was in default, so too the husband here, who was not found to be in default, should be allowed to offer evidence and testimony concerning the custody of his child.
Therefore, we remand to the trial court for (1) the determination as to whether the fifth amendment was properly invoked by the husband, under the rationale of DeLisi v. Bankers Insurance Co., and (2) a rehearing of the custody issue, allowing the husband to participate in offering evidence and testimony as regards the custody issue. We note, however, that should the trial court conclude that the husband’s refusal to testify concerning his finances tilts the balance of the best interests of the child in the wife’s favor, he should so rule.
LETTS, GLICKSTEIN and STONE, JJ., concur.