ALTENBERND, Judge.
The petitioners seek a writ of certiorari to the trial court to quash a discovery order that requires them to answer requests for admissions and interrogatories to which they have asserted a fifth amendment privilege against self-incrimination. We deny the petition because the record before this court does not establish that the trial court has departed from the essential requirements of the law or that the petitioners will suffer a material injury for which they have no adequate postjudgment remedy. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
The petitioners are defendants in a separate, pending criminal prosecution. They were charged with numerous federal drug-related offenses in October 1988. The lengthy federal indictment generally alleges that they were involved in drug transactions and money-laundering activities in connection with the Bank of Credit and Commerce International (Overseas) Limited. The petitioners’ federal criminal trial is proceeding simultaneously with this state appeal.
On October 21, 1988, the petitioners received a “Notice of Assessment and Jeopardy Findings” from the State of Florida Department of Revenue (the Department). This standard form document was addressed to: “The criminal enterprise, association or joint adventure which was engaged in illegal drug activity and was comprised of the persons described on the attached [schedule].” All petitioners were named in the schedule.
The assessment was made pursuant to section 212.0505, Florida Statutes (1987), which imposes a tax on the “unlawful sale, use, consumption, distribution, manufacture, [etc.]” of various illegal drugs. The tax rate is twenty percent of the estimated retail price of the illegal drugs involved in *1331 the transaction or incident.[1] The tax is also subject to the same interest and penalties as other sales taxes. § 212.0505(3), Fla.Stat. (1987). Any assessment made pursuant to this section is deemed prima facie correct in any judicial or administrative proceeding in this state. § 212.0505(5), Fla.Stat. (1987).
In this case, the Department estimated the retail price of the illegal drugs at $44,-800,000.00. With interest and penalties, the total assessment was $16,681,820.07. The notice of assessment was sent with a one-page finding of fact and a standard form which advised the petitioners that, “if [they] agree with the proposed assessment,” they should return a copy of the assessment with a “check or money order ... made payable to the Florida Department of Revenue.” The form also advised the petitioners that they were entitled to appear at a meeting to discuss the matter with the Department. If they elected not to request such a meeting, they were required to file a tax suit as provided in chapter 72, Florida Statutes, within sixty days or the assessment would become “permanently binding.”
The petitioners did not elect to attend a meeting, but did file a lawsuit against the Department within sixty days. Count I of the lawsuit seeks declaratory relief under chapter 86, Florida Statutes. This count requests the trial court to declare section 212.0505 unconstitutional, under numerous theories, both on its face and as applied to the petitioners. Count II contests the assessment under chapter 72 on various grounds including the petitioners’ claim that they were not involved in unlawful drug activity.
Soon after the petitioners filed their civil action, the Department sent each of them a request for admissions and a set of interrogatories. The request for admissions attaches the federal indictment as exhibit # 1. The numerous requests generally ask each petitioner to admit the contents of the indictment. The interrogatories parallel the requests for admissions and ask each petitioner, if he denied the truth of the indictment, to “state specifically” why each allegation in the indictment was denied.
In response to these discovery requests, each petitioner admitted his identity and then objected to virtually all of the remaining requests on the basis of the fifth amendment to the United States Constitution and article I, section 9, of the Florida Constitution. The petitioners objected to the interrogatories on comparable grounds. The Department then filed motions to compel discovery. The trial court granted the motions to compel and ordered the petitioners to “fully respond to the discovery within thirty days or suffer dismissal upon motion.” The trial court found that petitioners could not raise the fifth amendment as a “sword” to thwart discovery because they had elected to seek affirmative relief by bringing this civil action to contest the tax assessment.
We note that the petitioners apparently have not filed any motion for protective order. They have made no effort to delay discovery on count II until count I has been resolved. They have not sought to delay discovery until the conclusion of the criminal trial, to seal the discovery, or to close the proceeding from the public. See Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla.1988). They simply have attempted to avoid virtually all discovery obligations in this lawsuit by asserting the fifth amendment privilege.
We do not rule upon the constitutional issues which are pending without resolution in the trial court. At this stage, we merely assume that the statute is constitutional and note that the First District has recently so held. Harris v. State of Florida, Dep't of Revenue, 563 So.2d 97 (Fla. 1st DCA 1990), notice to invoke discretionary jurisdiction of supreme court filed, (Fla. May 15, 1990) (No. 73,006). In upholding the statute, the First District emphasized the confidentiality provisions within the tax statutes. Until the petition *1332 ers have requested similar confidentiality from the trial court, it is difficult for them to argue that the trial court has departed from the essential requirements of the law. Likewise, the petitioners have not satisfied their burden to establish that any evidence revealed in this case could be used against them in either the pending federal proceeding or a future state proceeding.
As a general rule, a party may not seek affirmative relief in a civil action and then invoke the fifth amendment to avoid giving discovery in matters pertinent to the litigation. City of St. Petersburg v. Houghton, 362 So.2d 681 (Fla. 2d DCA 1978). The petitioners note that this proceeding is somewhat unusual because any initial burden of proof that the Department might have is eliminated by the statutory presumption. § 212.0505(5), Fla.Stat. (1987). Thus, they are “affirmatively” seeking to disprove the Department’s claim that they are criminals and to avoid the sizable assessment of taxes.
The petitioners assert that they are similar to the defendants in Evans v. Coleman, 444 So.2d 33 (Fla. 2d DCA 1983), who successfully raised the fifth amendment privilege against compelled discovery. We distinguish Evans because, in that forfeiture action, the sheriff had the initial burden of proof and was not entitled to compel the defendants to reveal potentially incriminating information during his discovery efforts in support of his case. Like the sheriff in Evans, the petitioners have the initial burden of proof in this tax action because of the presumption in section 212.0505(5).
Since the petitioners are the plaintiffs and also have the burden of proof on the issues presented by their complaint, the trial court did not depart from the essential requirements of the law when it ordered them to respond to the discovery.
Accordingly, the petition for writ of cer-tiorari is denied.
DANAHY, A.C.J., and PATTERSON, J., concur.

. In 1988 this tax was raised to fifty percent. § 212.0505, Fla.Stat. (Supp.1988).