DOWNEY, Judge.
By petition for writ of certiorari filed by Margot Boelke, petitioner seeks relief from an order of the Broward County Circuit Court that grants respondents’ motion to compel her to answer requests for admissions in a pending auto negligence case.
Respondents sued petitioner for alleged injuries caused by petitioner when the latter drove her automobile into respondents, who were pedestrians. The complaint alleged the accident was caused by petitioner’s negligence at a time when she was intoxicated and unable to properly control her automobile. The request for admissions sought to require petitioner to admit her alleged intoxicated condition at the time of the accident. Petitioner filed objections to the request, based upon her Fifth Amendment privilege. Respondents countered with Florida Rule of Civil Procedure 1.370(b), which purports to make admissions under the rule privileged. The trial court agreed and ordered petitioner to file answers.
In DeLisi v. Bankers Insurance Company, 436 So.2d 1099 (Fla. 4th DCA 1983), following the teaching of Pillsbury Co. v. Conboy, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983), this court set forth the test to be used by the trial court in determining the applicability of the Fifth Amendment privilege under circumstances presented here. Subsequent to DeLisi, this court has reversed and remanded several cases to the trial court to consider the matter using the DeLisi test. See DePalma v. DePalma, 538 So.2d 1290 (Fla. 4th DCA 1989); American Air Transport, Inc. v. Seafirst Commercial Corporation, 452 So.2d 1037 (Fla. 4th DCA 1984).
The record before us does not indicate that the trial judge utilized the DeLisi test to determine the validity vel non of petitioner’s right to exercise Fifth Amendment privileges in this situation.
Accordingly, the petition for writ of cer-tiorari is granted and the order under review is quashed and the cause is remanded to the trial court with directions to reexamine petitioner’s assertion of her Fifth Amendment privilege utilizing the test and standards set forth in Pillsbury Co. v. Conboy, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983), and DeLisi v. Bankers Insurance Company, 436 So.2d 1099 (Fla. 4th DCA 1983).
HERSEY, C.J., and GARRETT, J., concur.