621 So.2d 750 (1993)
Zahir KANJI, Petitioner,
v.
Gulfrose VALLI, Individually, etc., Respondent.
No. 93-568.
District Court of Appeal of Florida, Fifth District.
July 2, 1993.
Rehearing Denied August 4, 1993.
*751 Frederic Stanley, Jr., Altamonte Springs, for petitioner.
No response for respondent.
DAUKSCH, Judge.
Respondent, Gulfrose Valli, filed a civil action against Petitioner, Zahir Kanji, arising out of Kanji's alleged sexual relationship with Valli's sixteen-year-old daughter, Nina. Valli served discovery demands upon Kanji, requesting admissions, production of documents, and answers to interrogatories. Kanji sought, and received, two orders abating and staying the proceedings pending the outcome of potential criminal charges based on the same acts giving rise to the civil litigation. Kanji's application for a third such order was denied, and he was directed to respond to the interrogatories and produce the requested documents.
Kanji petitions this court for writ of certiorari quashing the order compelling discovery. He alleges that his responses to the discovery order may be used against him in the criminal matter; conversely, if he fails to respond, he claims that he will likely lose the civil case. Kanji asserts that his Fifth Amendment right against self-incrimination shields him from the discovery order.
On March 18, 1993, this court ordered Valli to respond to the certiorari petition within twenty days. She did not do so, and to date, has made no response. Her failure to respond significantly narrows this court's consideration of the instant issues. Only the information contained in the record excerpts submitted in support of the petition and the allegations contained in the petition will be considered. See Trojan Investments, Ltd. v. Pelege Iron Corp., 587 So.2d 577 (Fla. 3d DCA 1991). If the claims are facially and legally sufficient, when viewed in light of the record excerpts, the requested relief should be granted.
The petition and record excerpts show that Kanji was asked to admit to certain facts. He filed denials to the requests for admissions. Since several of the subject interrogatories are virtually identical to the denied admissions, Kanji has, in practical effect, responded. Further, some of the interrogatories do not appear to require self-incriminatory answers. Kanji, however, complains about having to answer any of them. Under these circumstances, a question-by-question objection detailing the Fifth Amendment objection in regard to each challenged question should be made and presented to the lower court, at which time that court must determine whether the response could result in criminal charges and/or conviction. See Fischer v. E.F. Hutton & Co., Inc., 463 So.2d 289, 291 (Fla. 2d DCA 1984). But see Rainerman v. Eagle National Bank of Miami, 541 So.2d 740, 741 (Fla. 3d DCA 1989) (whether nature of proceeding "has narrowed the scope of inquiry" to matters germane to potential criminal prosecution, a general objection to all discovery questions permissible). In the absence of same, it cannot be said that the trial court's order compelling Kanji to answer the interrogatories materially departs from the essential requirements of the law.
However, the same cannot be said for the portion of the order compelling the production of documents. From the petition and record excerpts, it appears that the documents sought would tend to incriminate Kanji, are impermissibly overbroad, or do not exist. Under these circumstances, this part of the order departs materially from the essential requirements of the law. Further, the potential injury *752 which Kanji might suffer involving the filing and/or prosecution of criminal charges against him is sufficiently prejudicial to justify issuance of the extraordinary writ of certiorari. See Stewart v. Mussoline, 487 So.2d 96 (Fla. 3d DCA 1986); DeLisi v. Smith, 423 So.2d 934 (Fla. 2d DCA 1982), pet. for rev. den., 434 So.2d 887 (Fla. 1983); Roberts v. Jardine, 358 So.2d 588 (Fla. 2d DCA 1978).
The petition is granted and the writ issued, quashing the portion of the trial court's order compelling production of the requested documents; it is denied in all other respects without prejudice to the petitioner making specific proper objections to individual questions.
PETITION GRANTED.
W. SHARP and HARRIS, JJ., concur.