SILBERMAN, Judge.
Elijah Smith was convicted of battery in the Charlotte County Court. He now seeks, pro se, certiorari review of the circuit court’s order dismissing his appeal of the conviction. Because Smith was not afforded procedural due process, we grant the petition and quash the circuit court’s order dismissing his appeal.
Smith appealed his county court battery conviction to the circuit court. On April 15, 2003, the circuit court rendered an order directing Smith to file an amended notice of appeal within fifteen days that identified the rendition date of the sentencing order and Smith’s address. On April 21, 2003, Smith filed a notice of address change because he had been *369 transferred on April 9, 2003, from the Charlotte County Jail to the Central Florida Reception Center, a Department of Corrections (DOC) facility. The notice of address change requested the following:
Due to the processing delays and time of postal service I am requesting a copy of every Court proceeding or information that has been sent out to me in the last month (April) and late March. Please send any documents or information from March 26th to the present date, that may have allready [sic] been sent to me in case I have not recieved [sic] them.
On June 2, 2003, the circuit court entered an order dismissing Smith’s ■ appeal on the basis that Smith failed to comply with the April 15 order to file an amended notice of appeal. The dismissal order noted the following: (1) the April 15 order had advised Smith that if he did not comply with the order his appeal could be subject to dismissal without further notice; (2) the copy of the April 15 order mailed to Smith “was returned because he had moved with no forwarding address”; and (3) Smith had not filed a notice of address change, and the appellate file contained no other address for him. Thus, the circuit court concluded that Smith was “solely responsible for any lack of notice due to his own failure to keep this Court advised of his current address.”
Smith argues that the circuit court should not have dismissed his appeal because he did not receive a copy of the court’s April 15 order directing him to file an amended notice of appeal. He states that he filed a notice of address change reflecting his prison transfer, yet he never received the April 15 order. The State acknowledges that Smith had been transferred on April 9, 2003, and that Smith’s notice of address change was filed on April 21, 2003. The State also acknowledges that nothing in the records of the clerk’s office indicates that the April 15 order was forwarded to Smith in response to his April- 21 notice of address change. However, the State argues that Smith is not entitled to relief because he did not file his notice of address change until twelve days after he was transferred to the DOC facility; therefore, the failure to receive the April 15 order was his own fault.
In this certiorari review of an order of the circuit court sitting in its appellate capacity, our review is limited to whether the circuit court afforded procedural due process and observed the essential requirements of law. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). Procedural due process requires fair notice and a real opportunity to be heard. Keys Citizens for Responsible Gov’t, Inc. v. Fla. Keys Aqueduct Auth, 795 So.2d 940, 948 (Fla.2001); see also Massey v. Charlotte County, 842 So.2d 142, 146 (Fla. 2d DCA 2003). This court explained in Massey that “[procedural due process imposes constraints on governmental decisions that deprive individuals of liberty or property interests. It serves as a vehicle to insure fair treatment through the proper administration of justice where substantive rights are at issue.” Massey, 842 So.2d at 146 (citation omitted).
Based on the undisputed sequence of events, we conclude that Smith was not afforded procedural due process because the trial court dismissed his criminal appeal for failure to comply with an order that he had not received. When Smith was transferred to the DOC facility, he filed a notice of address change with the court. We cannot agree with the State that twelve days was an unreasonable delay in informing the court of the address change, especially in light of the fact that Smith sent the notice from a DOC facility and the court actually received the notice within twelve days of his transfer. Addi *370 tionally, the April 15 order was returned undelivered due to Smith’s prison transfer, and it was not re-sent to his correct address. The dismissal order of June 2, 2003, incorrectly stated that Smith had not filed a notice of address change when, in fact, he had filed the notice on April 21, well before the circuit court entered its dismissal order.
Because Smith was not on notice that he was required to file an amended notice of appeal and that if he did not do so his appeal would be subject to dismissal, the circuit court’s dismissal of Smith’s criminal appeal denied him procedural due process. Accordingly, we grant the petition for writ of certiorari, quash the dismissal order, and direct that the circuit court allow Smith to file an amended notice of appeal that complies with the order of April 15, 2003.
FULMER and COVINGTON, JJ., Concur.