WARNER, J.
The Department of Highway Safety and Motor Vehicles seeks certiorari review of a circuit court appellate decision that granted Mitchell White’s petition for writ of *607 certiorari and denied the Department’s motion for rehearing. We grant the petition upon concluding that the Department was denied procedural due process in the appellate proceeding. See Allstate Ins. Co. v. Kaklamanos, 848 So.2d 885, 889-90 (Fla.2008).
White petitioned for certiorari review of the Department’s revocation of his driving privileges. The circuit court, sitting in its appellate capacity, issued an order to show cause requiring the Department to respond to the petition. The order to show cause reflected the circuit appellate court’s view of the petition as showing a prima facie case for relief. It directed the Department to show cause why the relief requested should not be granted.
Unfortunately, the order was not served on the Department. The order shows service only on White’s attorney. The circuit appellate court granted White’s petition after the Department failed to respond to the court’s order to show cause. In its order, the circuit court noted the absence of a response by the Department as its basis for granting relief, without commenting on the merits of the petition. See Kanji v. Valli, 621 So.2d 750, 751 (Fla. 5th DCA 1993) (noting scope of review when response has not been filed in appellate court as ordered).
The Department moved for rehearing, and in its motion it explained to the court that it had not received the order to show cause. It also filed a response to the petition and requested that the court accept it as timely filed.
The circuit court summarily denied the motion, prompting this petition from the Department. We issued an order to show cause to White, and in his response he admits that the Department is “technically” entitled to relief based upon the lack of notice to it of the order to show cause. He seeks, however, for this court to rule on the merits of the petition. We decline to do so, as the Department has been denied procedural due process.
This court’s scope of review is limited. See Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). We review the petition to determine whether the circuit court failed to afford the petitioner procedural due process of law or otherwise departed from the essential requirements of (substantive or procedural) law. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889-90 (Fla.2003). Certiorari relief is available “when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Id. at 889.
As conceded by the respondent, the Department was not notified of the order to show cause. Therefore, in granting the petition and ordering the reinstatement of White’s driver’s license without giving the Department notice and an opportunity to be heard on the issue, the circuit court denied the Department procedural due process. See Smith v. State, 872 So.2d 368, 369 (Fla. 2d DCA 2004) (“Procedural due process requires fair notice and a real opportunity to be heard.”) (emphasis added).
Accordingly, we grant the petition and quash the ruling. We remand to the circuit court for further proceedings on the petition.
TAYLOR and DAMOORGIAN, JJ., concur.