GEORGE E. WOOD LUMBER COMPANY, *Plaintiff in Error*, v. ADDIE P. GIPSON, *Defendant in Error*.

ON REHEARING.

PER CURIAM—From the evidence the jury could reasonably have found that the plaintiff's decedent was on the morning of the injury sent from other work to aid in assorting logs at the foot of the ramp; that he was inexperienced and was not advised by the master of the risks and dangers of the employment just assigned to him; that when he arrived at the ramp he was told of the danger of going over it; that after assisting in assorting logs at the foot of the ramp he was engaged with two others in rolling other logs from the ramp into the water below to be assorted; that he was told not to go on the logs as they might roll; that while he was standing on logs he was engaged in rolling, other logs from above not being secure began to roll and rapidly rolled down and injured him before he had time or opportunity to escape after those who were working with him called to him to get out of the way of the logs rapidly rolling from a pile six or more feet above him; that the master was negligent in not making the logs above secure so they would not roll

down; that though the decendent was notified that there was danger he was inexperienced and did not realize the risks he was taking and that while he was engaged in the work assigned to him acting with ordinary care, he was unable to escape an injury caused proximately by the master's negligence in not making the logs above him secure on the ramps, it being clearly established that the ramps wer in bad condition and that the decedent was not fully informed of its condition or of its dangers, and that the injury was caused by the logs rolling from above him and not by the rolling of the logs he was handling.

Such a finding being lawfully deducible from the evidence the liability attaches and it cannot be said as matter of law that the verdict is not supported by the evidence, its conflicts and weight having been determined by the jury and affirmed by the trial court in denying a motion for a new trial, one ground of which being the alleged insufficiency of the evidence to sustain the verdict.

A rehearing is denied.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD, COCKRELL, and HOCKER, J. J., concur.