McGehee Lumber Company, a corporation, *Plaintiff in Error*, v. E. H. Tomlinson, *Defendant in Error*.

Opinion Filed December 17, 1913.

Corporations—Power of President to Employ Agents to Sell Corporate Property, Burden of Proof as to the Powers of the President.

1. *Prima facie* the president of a private corporation has the authority to employ an agent to effect a sale of its lands, and if the corporation, in a suit against it by such agent to recover his commissions for effecting such sale under said employment, desires to show that its president had no authority to employ him for that purpose it is defensive matter within its peculiar knowledge that it must prove if it desires advantage therefrom.

2. If a real estate broker who has earned his entire commission on the sale of lands, afterwards, voluntarily and without consideration, agrees to accept his commissions in installments as and when deferred payments of purchase price were made by the purchasers, provided such installments of commissions were promptly paid at the times when the deferred payments of the purchase money were made, he is absolved from such voluntary agreement to accept his commissions in installments upon the default of the vendors to pay him an installment of such commission promptly when a deferred payment of the purchase money is made, and particularly is he absolved from such voluntary postponement of his commissions, if the vendor absolutely denies all obligation to pay him any commission whatsoever, and flatly refuses to pay him any such commission—and he may then sue for and recover his whole commissions earned, regardless of any agreement between the vendor and purchaser as to deferred payment of the purchase price.

3. If on the whole record a case has been fully and fairly tried

and on the pleadings and proofs has resulted in a verdict and judgment that meets fully the demands of justice between the parties, technical errors in instructions given, and in refusals to give instructions requested, will be disregarded, if the result of the trial could not have been materially affected had such technical errors not been committed.

Writ of error to Circuit Court of Marion County; W. S. Bullock, Judge.

Judgment affirmed.

*H. M. Hampton,* for Plaintiff in error;

*Marks, Marks & Holt,* for Defendant in error.

TAYLOR, J.—The defendant in error, hereinafter referred to as the plaintiff, sued the plaintiff in error, hereinafter referred to as the defendant, in the Circuit Court of Marion County in an action of assumpsit for the recovery of commissions alleged to de due him as a real estate broker for the sale by him of a large tract of land owned by the defendant, and recovered a verdict from the jury for the sum of $3,370.38, and $1,078.52 as interest, making a total of $4,448.90 in the verdict. Although no notice is taken of it here in the briefs or arguments of either side, we notice that in the judgment sent up in the transcript of record there appears to be an inadvertent mistake in the statement of the amount of the *interest* due to the plaintiff, the verdict of the jury returning it as being $1,078.52, and the judgment entered thereon specifying the interest to be only one hundred and seventy-eight and 52-100 ($178.52) dollars, a discrepancy between the verdict and judgment entered there-

on of $900.00. This judgment the defendant below brings here for review by writ of error.

The declaration of the plaintiff contains a count upon a special contract with the plaintiff employing him as a real estate broker to sell said lands for the defendant corporation upon an agreed commission of five per centum of the amount for which it was sold, and also contained the common counts for work and labor done, and for money received by the defendant for the use of the plaintiff, and for money found to be due upon an account stated between them, and for interest on divers sums of money foreborne by the plaintiff to the defendant at its request. To the common counts of the declaration the defendant pleaded non-assumpsit and never was indebted as alleged. To the special count the defendant pleaded that it never promised as alleged; that neither the defendant nor anyone authorized by it ever entered into a contract or agreement with plaintiff employing him to sell the lands mentioned in the declaration, or listed the same for sale with the plaintiff as a real estate broker as alleged; and that the alleged agreement or contract alleged to have been made with the plaintiff by this defendant listing the said lands for sale as alleged was not made by this defendant or by any one by it duly authorized; and a denial that the plaintiff sold the lands as alleged for and on behalf of defendant. On these pleas the plaintiff joined issue and the case was tried on the issues thus made.

There are twenty-four separate assignments of error, some of which are very properly abandoned here; the rest of the assignments, predicated upon refusals of the trial judge to give requested instructions, and upon various charges given to the jury by the court, and upon

the admission over defendant's objections of various letters and other documentary evidence, and upon the denial of the defendant's motion for a new trial chiefly upon the ground that the verdict was excessive in amount, we will not undertake to treat seriatim or in detail, but will discuss only the salient points as presented in the various assignments upon which hinge the real merits of the controversy.

It developed at the trial in the testimony of the plaintiff himself, that he had voluntarily agreed that his commission for effecting the sale might be paid to him in installments of five per cent on the deferred payments of the purchase price as and when said deferred payments were made, provided his commissions out of such deferred payments of the purchase price were promptly paid to him as and whenever such deferred payments were made. It was also developed by the evidence in the case that a large part of the purchase price of the lands sold had not been paid at the time the plaintiff's action was instituted, but that a large part of the purchase price of the lands had been paid to the defendant at different times prior to the institution of plaintiff's suit upon which the plaintiff's commission had not been paid, but that on the contrary the defendant wholly and absolutely repudiated the plaintiff's claim to any commissions at all on the sale of said lands, and denied that he had any valid or binding contract with the defendant as a corporation for any commissions whatsoever and flatly refused to pay him anything. Under these circumstances the defendant earnestly insists that as to the commissions claimed on the deferred payments that had not been made at the time the plaintiff's suit was instituted the suit was prematurely brought, and that the verdict

was, therefore, excessive in amount as it included five per cent of such deferred payments, which though not made at the time of the institution of the suit, the proofs developed that they had been paid up in full at the time of the trial. This contention is untenable. The plaintiff's entire work was done and completed when he produced to the defendant a customer or buyer who was ready, able and willing to purchase the lands of the defendant at the price at which he was instructed to sell them, and who did purchase them at such price, and he then became entitled to his whole commission at the agreed per centum of the entire purchase price without doing anything further on his part. If he afterwards voluntarily and without any consideration other than a desire on his part to be accommodating towards the defendant, agreed to postpone the payment of his commission as and until the deferred payments of the purchase price were made, provided such commissions were promptly paid as and whenever a deferred payment of the purchase price was made, he became completely absolved from his agreement, made without consideration, to postpone the collection of his commission until the deferred payments of the purchase price were made, as soon as a deferred payment of the purchase price was made by the purchasers without a correspondingly prompt payment to the plaintiff by the defendant of a sum equal to five per centum of such deferred payment so made. More particularly was the plaintiff absolved from this agreement, made without consideration, to wait for his commission until the deferred payments of the purchase price were made when the defendant repudiated its agreement with him in toto for any commission whatsoever and denied that it was liable to him for any commission

whatsoever on the sale of said lands, and flatly refused to pay him anything. The plaintiff then had the right to sue for his entire commission earned by the sale of the lands, and to recover therefor if he could show himself entitled thereto by his proofs, without regards to payments of the purchase price agreed between the defendant and the purchasers to be deferred.

C. J. McGehee was admitted to have been the president of the corporate defendant, he owning one-fourth of its stock, J. D. Scruggs who was the corporation's secretary owned one-fourth of its stock, E. P. Rentz, who was vice-president, owned one-fourth of its stock, and J. C. Little, who was its treasurer, owned the remaining fourth of its stock. The contract with the plaintiff, employing him as agent of the defendant corporation to effect a sale of its land holdings, was made with him by C. J. McGehee acting as president of the corporation with the knowledge and sanction of J. D. Scruggs, its secretary, who was also general manager at the defendant's saw mills. It is earnestly contended here for the defendant that the burden was upon the plaintiff to show that McGehee as president and Scruggs as secretary of the defendant corporation were clothed with authority to employ and contract with him for the sale of its lands, and that he has not sustained this burden by his proofs, and is, therefore, not entitled to recover. We cannot agree with this contention of the defendant that the burden was upon the plaintiff to prove the authority of the president and secretary of the defendant corporation to employ him to effect a sale of its property. In the case of Skinner Mfg. Co. v. Douville, 54 Fla. 251, 44 South. Rep. 1014, it was held here that: "the president of a private corporation may be presumed to have authority to employ agents to

negotiate the sale of property." In the same case it was held further that: "Any unusual restrictions in the charter powers of a corporation are within its peculiar knowledge rather than in the knowledge of an outside party and were therefore defensive matter." In other words, the principles established by this case are in effect that *prima facie* the president of a private corporation has the authority to employ an agent to effect a sale of its lands, and that if the corporation in a suit against it by such agent to recover his commissions for effecting such sale under said employment, desires to show that its president had no authority to employ him for that purpose it was defensive matter within its peculiar knowledge that it must prove if it desires advantage therefrom. With the holdings of this case we are still in full accord, and we think that the principles of law therein enounced are therein correctly decided. Supreme Lodge K. of P. v. Lipscomb, 50 Fla. 406, 39 South. Rep. 637. The defendant in this case has not met this burden in the proofs. But besides this we think that the proofs abundantly show a subsequent ratification of the employment of the plaintiff by the two remaining officials and stockholders of the defendant corporation who took no part in the original employment of the plaintiff. After they learned of his claim to the commissions for which he sues, they took advantage of and reaped the full fruits of the work and effort, and sold the property to the purchasers procured by him, and sold it at the same price at which he had been authorized to sell it. There may have been technical error in the verbiage of some of the charges given that are assigned as error, but in view of the fact of our conclusion that on the whole the case has been fairly tried, and that on the pleadings and proofs the re-

sult of the trial meets fully the demands of justice between the parties, we cannot adjudge such technical errors to justify a reversal, and the judgment of the Circuit Court in said cause is hereby affirmed at the cost of the plaintiff in error, but with leave to the defendant in error to have his judgment corrected in the Circuit Court by being made to conform to the verdict of the jury therein, if the discrepancy herein pointed out in reality exists in the judgment entered in the Circuit Court. George E. Wood Lumber Co. v. Gipson, 63 Fla. 323, 58 South. Rep. 364; Stearns & Culver Lumber Co. v. Cawthon, 62 Fla. 370, 56 South. Rep. 555.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.