332 So.2d 149 (1976)
Conrad KAHN et al., Appellants,
v.
Joseph MILON, Appellee.
No. 75-1978.
District Court of Appeal of Florida, Third District.
May 18, 1976.
Seymour M. Litman and Jerry Kahn, Miami, for appellants.
George Sampas, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Plaintiffs take this interlocutory appeal to review an order staying all proceedings *150 until such time as the plaintiffs retain separate and independent counsel pursuant to defendant's ore tenus motion. We reverse.
At the onset, we note that this order is not properly reviewable by interlocutory appeal pursuant to FAR 4.2. However, we shall treat this appeal as a petition for writ of common law certiorari and determine the cause on the merits. See Art. V, 2(a), Constitution of the State of Florida.
This cause arises out of a neighborhood backyard quarrel. As a result, plaintiffs Conrad and Pearl Kahn and their son Jerry filed suit against Joseph Milon for slander, intentional infliction of mental distress and invasion of privacy. Originally Andrew Tobin, Esq. represented plaintiffs. Thereafter, however, without moving for substitution of counsel, plaintiff Jerry Kahn and his brother Donald, both attorneys, began filing pleadings and/or appearing on behalf of plaintiffs at various hearings where they announced that Marvin Michaels, Esq. would act as trial counsel. Defendant then moved ore tenus for authority as to representation of counsel. Whereupon, the court entered the appealed order staying all proceedings until such time as plaintiffs retain, in effect, counsel separate and independent of plaintiff Jerry Kahn.
The law of Florida is well established that a party to a cause may act as his own attorney. See § 454.18, Fla. Stat., F.S.A. and Carr v. Grace, Fla.App. 1975, 321 So.2d 618. Further, in general, any person who has the legal capacity to contract may employ an attorney of his choice. See 3 Fla.Jur. Attorneys at Law § 25 (1955). Thus, we find that appellant Jerry Kahn may represent himself in this action and if appellants Conrad and Pearl Kahn so choose, he may represent them also.[1] Further, we note there is absent in the record any motion for substitution of counsel pursuant to RCP 1.030(e) and, therefore, whoever is substituted as attorney for appellants must file such a motion before he may be allowed to appear.
Accordingly, the order directing that appellants retain separate and independent counsel is quashed and the cause remanded to the trial court for further proceedings.
NOTES
[1] There being no conflict of interest in this case in having their son represent them.