PER CURIAM.
This is a petition for certiorari to review an order granting a continuance of the trial.
Petitioner Chester Higgins filed suit on June 3,1980, against respondent Dr. Wesley Johnson, a chiropractor, for failure to diagnose his. cancerous condition. Dr. Johnson filed his answer on June 24, 1980. Subsequently, Higgins joined Dr. Johnson’s malpractice insurance carrier as an additional defendant. The insurance carrier obtained a summary judgment on grounds of lack of coverage which Higgins unsuccessfully appealed to this court.
Thereafter, on February 12, 1982, Higgins filed a motion for trial by jury. On May 17,1982, the court set the case for trial during the week of July 19, 1982, with a pretrial conference scheduled for July 1, 1982. Early in June, Dr. Johnson arranged for the retention of new counsel, and, on *17 June 14, 1982, his new counsel filed an appearanee pursuant to stipulation with his former counsel. On the same date, Dr. Johnson filed a motion for continuance of the trial so that his new counsel could adequately prepare a defense. Dr. Johnson’s new counsel, after failing to obtain agreement with Higgins’s counsel for a continuance, hand delivered a notice calling up for hearing the motion for continuance on the following day.
At the hearing held on June 25, 1982, Higgins’s counsel opposed the continuance on the premise that Higgins was terminally ill from cancer. She supported her position with an affidavit from a doctor specializing in radiation therapy who had treated Higgins. The doctor stated that a continuance would be detrimental to Higgins’s health and that because of the progressive nature of his illness he might die before the new trial date. Higgins had been suffering from metastatic prostate cancer for more than three years, and his attorney proffered that he could obtain medical affidavits that the average survival rate for persons with cancer of this type was from two to three years. Nevertheless, the court granted the motion for continuance and reset the trial for October of 1982.
Absent an abuse of discretion, an order of the trial court on an application for continuance should not be disturbed. Fain v. Cartwright, 132 Fla. 855, 182 So. 302 (1938); Biederman v. Cheatham, 161 So.2d 538 (Fla. 2d DCA 1964). Nevertheless, we believe that this is one of those rare cases in which we must intervene in order to do justice.
One can assume that Higgins’s inability to personally testify at the trial would weaken his case. More significant, however, is the fact that should Higgins die before the trial, the character of his malpractice action would be completely changed. As long as he is alive, he has a personal injury action which entitles him to claim damages in his own right. See § 768.48, Fla.Stat. (1981). However, if he dies, Higgins’s cause’ of action abates. § 768.20, Fla.Stat. (1981). The personal representative would then have to institute a new suit on behalf of Higgins’s survivors and his estate. § 768.20, Fla.Stat. (1981). The elements of damage would be entirely different because they would depend upon the relationship of Higgins and his survivors. § 768.21, Fla.Stat. (1981). Thus, it is evident that Higgins’s death prior to trial could materially prejudice his legal position.
Balanced against these compelling factors is the fact that apparently Dr. Johnson’s prior counsel had not pursued discovery or obtained expert medical testimony to testify in his defense. Yet, the lack of diligence of one’s own attorney should not serve to penalize the opposing party. See 11 Fla.Jur.2d, Continuance § 10 (1979). Moreover, Dr. Johnson’s new counsel had more than a month prior to the trial date within which to conduct discovery. We are confident that under the circumstances the court’s previous admonition to complete discovery before the pretrial conference could have been accommodated.
As reluctant as we are to interfere with trial schedules, we feel compelled to quash the order of continuance. Of course, we recognize that by virtue of the time necessary to prosecute this petition for certiorari it may not now be feasible, as a practical matter, for the court and the parties to commence the trial during the week of July 19, 1982, as originally scheduled. Therefore, we request the court to reset the trial at the earliest reasonable date consistent with the spirit of this opinion and to allow Dr. Johnson liberal rights of discovery in the interim.
GRIMES, A.C.J., and RYDER, J., concur.
CAMPBELL, J., dissents with opinion.