483 So.2d 2 (1985)
OUTDOOR RESORTS AT ORLANDO, INC., a Condominium Association, Petitioner,
v.
HOTZ MANAGEMENT COMPANY, INC., Respondent.
No. 85-1899.
District Court of Appeal of Florida, Second District.
September 18, 1985.
*3 John A. Leklem, Orlando, for petitioner.
Frederick Higham, Jr., St. Petersburg, for respondent.
FRANK, Judge.
On August 23, 1985, Outdoor Resorts At Orlando, Inc., the defendant/counterclaimant below, filed a petition for writ of certiorari seeking relief from an order dated August 23, 1985, entered by the trial court denying its motion for a continuance of the trial scheduled to begin on August 29, 1985. Because of the shortness of time between the filing of the petition and the announced trial date, for us to have followed the procedures provided in Rule 9.100 of the Florida Rules of Appellate Procedure would have resulted in granting the very relief sought in the petition. Thus, following our initial consideration of the petition, facially suggesting that the motion for continuance of the trial was predicated upon a meritorious ground  the unavailability of a witness, Mr. Welsing, for a period of eight weeks due to the removal of a cancerous lung and throat surgery  we deemed it appropriate to communicate telephonically with counsel for the parties in a conference call.[1] Such call occurred and counsel presented their respective positions. Based upon the petition, the documents contained in the appendix accompanying it and the matters asserted in the telephonically conducted hearing, we determined that Mr. Welsing's unavailability arising from hospitalization on August 12, 1985, and extensive surgery on August 19, 1985, when coupled with his role in the factual matters underlying this litigation, warranted deferral of the trial for a period of eight weeks. In granting the petition, we emphasized to the parties' attorneys that our order staying the non-jury trial was not to foreclose scheduled commencement of the trial with the absent witness's testimony being offered in a deposition at a later time if such an agreement could be reached and concurred in by the trial court.
In determining to grant the petition, we have not ignored the principles that the granting or denying of a motion for continuance is customarily within the discretion of the trial court and this court will refrain from substituting its judgment for that of the lower court absent an abuse of discretion. Thompson v. General Motors Corp., Inc., 439 So.2d 1012 (Fla. 2d DCA 1983); Higgins v. Johnson, 422 So.2d 16 (Fla. 2d DCA 1982). In the matter at hand, we have concluded, in the face of the unrefuted representations contained in the petitioner's motion and amended motion for continuance, that the risk of an injustice occurring by putting the petitioner to trial without the testimony of Mr. Welsing outweighs our policy of not interfering with the trial court's scheduling of cases to be tried. The record before us discloses that Mr. Welsing is a member of the petitioner's board of directors and serves as its treasurer; that upon the petitioner's termination of the respondent's services, an event generating this breach of contract action, it was Mr. Welsing who assumed the management responsibility theretofore performed by the respondent and thus it further appears that Mr. Welsing is the witness who is most able to testify to the subsidiary facts associated with the claim asserted against the respondent, the petitioner's counterclaim and the damages allegedly sustained by the petitioner.
We acknowledge that normally the petitioner, were it not to prevail upon the trial, would be able to raise in a plenary appeal the question of whether it was prejudiced by the trial court's denial of the motion for continuance. Here, however, a balancing of interests has led us to conclude there is a greater likelihood of detriment to the petitioner if we were to deny the petition than will be imposed upon the *4 respondent by our finding it meritorious. Any inconvenience to the respondent is overshadowed by the severity of the burden the petitioner would be required to meet if the question now before us were to await the appeal stage.
In sum, our assessment of the nature and seriousness of Mr. Welsing's illness and the relevancy of his testimony point up extraordinary circumstances justifying postponement of the trial for a reasonable period; a period to be determined by Mr. Welsing's ability either to testify at trial or to be deposed in order that his testimony can be procured, preserved and used as substantive evidence.
The petition for writ of certiorari is granted.
GRIMES, A.C.J., and SCHEB, J., concur.
NOTES
[1] See Fla.R.Jud.Admin. 2.071.