524 So.2d 1061 (1988)
Zola KLEIN, Appellant,
v.
The ROYALE GROUP, LTD., and Leonard A. Pelullo, Appellees.
No. 87-3017.
District Court of Appeal of Florida, Third District.
April 12, 1988.
Rehearing Denied June 1, 1988.
*1062 Stuart R. Michelson, North Miami, for appellant.
Richard and Richard and Mitchell D. Adler and H. Steven Sussman and Dennis Richard, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
BARKDULL, Judge.
Mr. Zola Klein filed suit in September, 1986 against The Royale Group, Ltd. and Leonard Pelullo based upon nonpayment of a $225,000 promissory note executed by Royale in April, 1984 and personally guaranteed to the extent of $125,000 by Pelullo. Defendants answered and raised affirmative defenses. In November, 1986 the cause was set for trial the week of February 23, 1987. Klein moved for summary judgment and attempted to depose Pelullo and a corporate representative of Royale, who both asserted the fifth amendment and refused to answer any questions. Royale and Pelullo moved to continue the trial and stay the cause on grounds that to require them to defend at trial when they would of necessity be asserting their fifth amendment privilege would constitute a substantial hardship and grave injustice. Supporting affidavits filed on behalf of Royale and Pelullo asserted that the privilege was being invoked because of an investigation into the Royale Group's financial affairs, assets, and dealings, being conducted by the U.S. Justice Department through a grand-jury sitting in Philadelphia. Invocation of the privilege would, it was asserted, prevent defendants from defending themselves at trial. On February 12, 1987 an order was entered staying the action "as to defendant Leonard A. Pelullo, and as to defendant, The Royale Group, Ltd. insofar as any defense of this action by the corporate defendant involves the testimony by ... Pelullo." The stay was to be effective "until final disposition of any and all criminal proceedings ..., and any criminal action instituted in connection therewith." Klein sought certiorari review in this court of the stay order, arguing no connexity had been shown between the instant suit by a creditor of defendants and the criminal grand jury investigation and that the stay resulted in his deprivation of property without due process of law and denied his right of access to the courts. Certiorari was denied by clerk's order dated April 21, 1987. Motions for rehearing and rehearing en banc were denied by clerk's order dated July 10, 1987. A motion to dissolve or modify stay by requiring defendants to post bond was filed by Klein in the trial court and, following a hearing, was denied on November 12, 1987. This non-final appeal followed.
The question of whether a stay or injunction should be continued by the trial court is always open to review during its pendency by the trial court. We therefore find that the motions filed and considered in the late fall of 1987 were appropriate, and even though by denial of prior certiorari, we did not find that the trial court departed from the essential requirements of the law in exercising its discretion to enter a stay in the first instance. It appears that there comes a time when a stay *1063 becomes unreasonable under all circumstances. It appears that such a period had lapsed as to its reasonableness when the matter came on for hearing in the late fall of 1987 and therefore it was a departure from the essential requirements of the law or a gross abuse of discretion to continue same and we therefore reverse[1] the order under review refusing to dissolve the stay, with directions to dissolve stay, and proceed with the matter upon the issue made by the pleadings.
NOTES
[1] An order refusing to vacate a stay in the several district courts of appeal has been reviewed by common law certiorari, Kahn v. Milon, 332 So.2d 149 (Fla. 3d DCA 1976); Paley v. Cocoa Masonry, Inc., 354 So.2d 945 (Fla. 2d DCA 1978); Stein v. Bayfront Medical Center, Inc., 287 So.2d 401 (Fla. 2d DCA 1974) or by non-final appeal. Regan, Inc. v. Val-Ro, Ltd., 396 So.2d 834 (Fla. 3d DCA 1981) and Price v. Hernando Beach, Inc., 286 So.2d 279 (Fla. 2d DCA 1973). It appears that the better view is that the stay of order refusing to vacate same should be reviewed by non-final appeal and tested by the same principles as those relating to the issuance of temporary injunction of orders refusing to vacate same.