DAUKSCH, Judge.
In its petition for writ of common law certiorari the State asks this court to quash two orders of the trial court which respectively (1) continue a criminal case against the respondent for one year, and (2) continue the same case until the conclusion of a related civil case, with all discovery proceedings in the criminal case being stayed for six (6) months. We find that the second order, apparently entered sua sponte, without a hearing, superseded the first order, which had been entered about ten days earlier, but in any case we hold that either order represents a departure from the essential requirements of law. In reaching this conclusion we have kept in mind the principle that granting or denying a continuance is customarily within the discretion of the trial court, and that this court will substitute its judgment for the trial court only where there has been an abuse of discretion. See Outdoor Resorts at Orlando, Inc. v. Hotz Management Co., Inc., 483 So.2d 2 (Fla. 2d DCA 1985).
The petitioner also asks that if we grant the petition we order the tolling of the respondent’s speedy trial time until the next pretrial hearing in the criminal case. This is a matter which should be raised in the trial court.
The respondent and Theodore Williams undertook a business venture together. After their partnership broke up, Williams filed a civil suit against the respondent alleging breach of a “Dissolution Agreement” and a number of counts on other legal theories; the respondent filed a counterclaim alleging various causes of action against Williams.
Apparently acting on a complaint by Williams, in February 1991 the State charged the respondent with second degree felony grand theft of currency from Williams, and the respondent pled not guilty. The trial court’s stay of this criminal case pending the outcome of the civil case precipitated the petition to this court.
The record indicates that on July 16, 1991, at a pretrial hearing in the criminal case, the trial judge initiated discussion of the respondent’s possible waiver of speedy trial rights pending the outcome of the civil proceeding. The discussion led to the respondent and his lawyer signing, at the *1000 court’s suggestion, a Motion for Continuance and Waiver of Speedy Trial. The judge signed an order continuing the criminal case for one year. After further discussion with the parties during the same day, the trial court orally stayed discovery for six (6) months. The State objected to the continuance.
On July 26, the trial judge, sua sponte, entered an order providing that the criminal case would be rescheduled for pretrial hearing and trial after the conclusion of the civil suit, and that all discovery in the criminal case was stayed for six months.
Nowhere does the record show any justification for the continuance and stay. On the other hand, the State took an apparently unrebutted position that the civil case could not have any bearing on the outcome of the criminal case, and that Williams and another key witness are so elderly that delay would likely prejudice the State’s prosecution of the case.
Article I, section 2 of the Florida Constitution,provides that justice shall be administered without denial or delay. The State, as prosecutor, has the same right to justice without delay as any other party. In this case the situation is particularly serious because the delay of trial is not only of indefinite duration, but in view of the age of two important witnesses also creates an obvious risk that the State will never be able to prosecute the case properly at all.
We have found no other Florida decision involving these same facts, but the tendency of case law supports our conclusion. The parties cite two cases: In Higgins v. Johnson, 422 So.2d 16 (Fla. 2d DCA 1982), the Second District quashed an order continuing the trial date in a medical malpractice case as requested by the defendant; the plaintiff had advanced, terminal cancer, which could very possibly kill her before the delayed trial date. State v. Diamond, 553 So.2d 1185 (Fla. 1st DCA 1988), quashed an order construed as enjoining the State from prosecuting an accused until the State’s complaining child witness consented to a physical examination by the accused's expert.
We have held, even where a clear and specific reason is offered for delaying proceedings, that any stay of discovery or trial should be for a reasonable and finite time, and that the least intrusive means of accommodating the need for delay should be used, with weight given to the plaintiffs legitimate need to proceed expeditiously. See Kerben v. Intercontinental Bank, 573 So.2d 976 (Fla. 5th DCA 1991), in which we granted a writ of certiorari to quash an order which had indefinitely abated a civil action because a key witness took the Fifth Amendment during her deposition and would predictably continue to do so until any criminal proceedings were completed. See also Klein v. Royale Group, Ltd., 524 So.2d 1061 (Fla. 3d DCA 1988).
The record in the case at bar reveals no justification for even a limited delay in trial or discovery. Without justification a trial court has no discretion to delay proceedings, whether civil or criminal. Not only was the delay in this case and a departure from the essential requirements of law— enough in itself to justify a writ of certiora-ri where the delay of trial is of indefinite or clearly unreasonable duration — but the State also demonstrated a high probability of specific harm which could not be remedied adequately on appeal.
We grant the petition and quash the two orders of the trial court continuing trial and staying discovery.
PETITION GRANTED.
GRIFFIN, J., concurs.
GOSHORN, C.J., concurs specially with opinion in which GRIFFIN, J., concurs.