PER CURIAM.
This appeal is brought from the dismissal of a defendant’s compulsory counterclaim asserting a Fifth Amendment privilege to questions propounded in a deposition.
Mark S. Solomon, an attorney, brought this action to foreclose on property owned by his former client, Childs, as compensation for services rendered to the client in a criminal action. Childs counterclaimed for legal malpractice in the still-pending criminal action. It is agreed that refiling of the counterclaim will be barred by the statute of limitations.
In response to Mr. Solomon’s motion to strike the counterclaim for failure to answer deposition questions, the appellant requested the trial court to consider alternative relief, such as, entering an order that the contents of the deposition remain confidential and that the court file be sealed until completion of the criminal action, or abatement of the civil action. There was no assertion or finding that the discovery questions were irrelevant to Childs’s theory of defense in the criminal action. Nevertheless, the trial court struck the counterclaim on grounds that the Fifth Amendment could not be used “as a sword and a shield.” We reverse.
*866 It is settled law that the privilege against self-incrimination may be properly asserted during discovery proceedings if the civil litigant has reasonable grounds to believe that direct answers to deposition or interrogatory questions would furnish a link in the chain of evidence needed to prove a crime against him. Rainerman v. Eagle Nat’l Bank, 541 So.2d 740 (Fla. 3d DCA 1989). One remedy used by courts when faced with that situation is to continue the civil action. See Miami Nat’l Bank v. Greenfield, 488 So.2d 559, 561 (Fla. 3d DCA) (civil trial delayed until criminal prosecution is completed or abandoned), rev. denied, 497 So.2d 1217 (Fla.1986).
On the facts presented by the record in this case, dismissal of the counterclaim, effectively with prejudice, was an abuse of discretion. We agree with the counterclaimant that, assuming that the plaintiff could show some prejudice by his assertion of a Fifth Amendment right, the court should have considered a remedy which was not tantamount to a denial of the right to assert the privilege.
Reversed and remanded.