658 So.2d 1027 (1995)
Jonathan T. GREENE, Appellant,
v.
CALIFORNIA FEDERAL BANK, a Federal Savings Bank, Appellee.
No. 94-3569.
District Court of Appeal of Florida, Fourth District.
February 15, 1995.
*1028 Stephen L. Cook, Jupiter, for appellant.
John A. Watson of Watson & Associates, P.A., Fort Lauderdale, for appellee.

ON MOTION TO DISMISS
KLEIN, Judge.
Defendant in this mortgage foreclosure moved the trial court to stay proceedings alleging that the plaintiff had not complied with 12 U.S.C. section 1701x prior to instituting the foreclosure, and requested that the action be stayed to "permit plaintiff to comply with said statute." The trial court denied defendant's motion to stay, defendant filed a notice of non-final appeal, and the appellee moved to dismiss the appeal on the ground that it is not an order subject to review under Rule 9.130, Florida Rules of Appellate Procedure.
Defendant responds to the motion to dismiss by citing Klein v. Royale Group Ltd., 524 So.2d 1061 (Fla. 3d DCA 1988), in which an action had been stayed as to certain defendants who had asserted the fifth amendment. Nine months later the trial court denied a motion to dissolve the stay, and the moving party filed a non-final appeal. The third district reversed; however, it is not entirely clear whether the court was treating the proceeding as an appeal, or as certiorari under rule 9.040(c) (if party seeks improper appellate remedy, cause shall be treated as if proper remedy had been sought). The court cited authority for review of the order by certiorari, but also suggested review by non-final appeal under the same principles as temporary injunctions. Klein, 524 So.2d at 1063 n. 1.
In REWJB Gas Investments v. Land O'Sun Realty, Ltd., 643 So.2d 1107 (Fla. 4th DCA 1994), this court concluded that it had certiorari jurisdiction to review "orders determining motions to stay a case pending the disposition of another case," citing Robinson v. Royal Bank of Canada, 462 So.2d 101 (Fla. 4th DCA 1985). We noted, although we did not adopt, the Klein decision as authority for review as a non-final appeal.
In order to dispel any confusion as to the proper procedure in this district, we hold that review of the type of order involved in this case is not available by non-final appeal. We do not equate a stay, which is not enumerated as an order which is appealable under rule 9.130, with an injunction, which is appealable.
As our supreme court stated in Travelers Ins. Co. v. Bruns, 443 So.2d 959, 961 (Fla. 1984), "[t]he thrust of rule 9.130 is to restrict the number of appealable nonfinal orders. The theory underlying the more restrictive rule is that appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment." If this order constituted a departure from the essential requirements of law for which there was no adequate remedy by appeal from final judgment, we would treat this appeal as a petition for certiorari. It does not, however, and we therefore dismiss the appeal.
WARNER and PARIENTE, JJ., concur.