RAMIREZ, J.
Appellants Eller Media Company, Clear-channel Communications, Inc., and Victor Garcia seek reversal of the denial of their motions to stay in this case arising out of the bus-shelter death by electrocution of Jorge Luis Cabrera, Jr. on October 12, 1998. Because we determine that the trial court did not abuse its discretion in denying the motions, we affirm.
Cabrera’s parents brought this wrongful death action against Eller Media, its employee Victor Garcia, and Clearchannel, alleging that the electrical work on the bus shelter was improperly installed and maintained. In April 1999, the State of Florida charged Eller Media, Garcia, and Frederick L. Neville, another Eller Media employee who is not a party to the civil suit, with manslaughter by culpable negligence resulting in Cabrera’s death at the bus shelter.
Since the outset of this litigation on October 19, 1998, Cabrera’s parents have attempted to obtain discovery from Eller Media, Clearchannel, and Garcia. The appellants/defendants moved for a stay of the civil case pending the outcome of the criminal case. Garcia argued in support of his motion to stay that compliance with Cabrera’s parents’ discovery requests in the civil case unfairly requires him to waive his Fifth, Sixth, and Fourteenth Amendment rights in the criminal case. Eller Media and Clearchannel contended that they *466 would likewise be unable to defend themselves adequately in the civil case because witnesses, including corporate employees and other corporate representatives, would be forced to invoke their Fifth Amendment privilege and refuse to participate in discovery or testify on their behalf. Eller and Clearchannel also pointed out that the invocation of that right by their employees and representatives could be used against them as an admission to establish corporate liability in the civil case. At the hearing on the motions to stay, Garcia conceded through counsel that he would invoke his Fifth Amendment privilege as to most discovery questions. Eller Media also professed that its employees would invoke their privilege.
The trial court denied the motions to stay, holding that the motions were premature because Garcia had not yet specifically asserted his Fifth Amendment privilege and there was no showing in the record that Eller Media’s or Clearchannels’ material witnesses were unavailable or that they could not otherwise present an adequate defense. We believe the trial court’s ruling was proper and within its discretion.
Following the invocation of the Fifth Amendment privilege, the trial court determines the propriety and good faith of the invocation. The court then determines whether the responses to the questions posed will potentially implicate the party asserting the privilege. When a trial court is presented with such a contention, it must exercise its discretion and also determine whether it is reasonably possible that the answers could evoke a response “forming a link in the chain of evidence which might lead to criminal prosecution.” Delisi v. Smith, 423 So.2d 934, 938 (Fla. 2d DCA 1982); see also Delisi v. Bankers Ins. Co., 436 So.2d 1099, 1101 (Fla. 4th DCA 1983). Because Garcia has yet to formally invoke his Fifth Amendment privilege, we find that the trial court did not abuse its discretion in denying the requested stay.
Garcia simply seeks to avoid all discovery. Furthermore, Eller Media, as a corporation, has no Fifth Amendment right, and it cannot vicariously assert that right on behalf of its employees because the privilege is a personal one. There is no evidentiary support for Eller Media’s contention that its employees will invoke the privilege at all. There must be a corporate representative who could answer without the risk of self-incrimination. To grant Garcia and Eller Media a stay without anyone having asserted the privilege would confer on these appellants an unprecedented advantage, one not enjoyed by defendants whose level of apparent fault has not attracted the attention of the criminal authorities. In Fischer v. E.F. Hutton & Co., Inc., 463 So.2d 289, 291 (Fla. 2d DCA 1984), for example, the court held that the petitioner could not refuse to answer any questions relating to the allegations of the lawsuit. Petitioner was required to make a specific objection to a particular question and, at that time, assert his Fifth Amendment privilege. At that point, the trial court could determine whether the answer was incriminating as indicated in the two Delisi cases cited above.
Cabrera’s parents will be prejudiced by a stay in this case pending the outcome of the criminal prosecution. The statute of limitations on a wrongful death case is two years and will run before the criminal case is tried as scheduled in January 2001, or in October 2002, when the criminal statute of limitations expires. In their affirmative defenses, Eller Media and Garcia have alleged that the negligence of third parties caused the incident in question. However, Cabrera’s parents will be precluded from joining these additional parties if Eller Media and Garcia are not compelled to disclose their identity until after the limitations period expires.
In Klein v. Royale Group, Ltd., 524 So.2d 1061, 1062-63 (Fla. 3d DCA 1988), the court held that a stay became unreasonable fourteen months after the filing of *467 the suit. Here, Cabrera’s parents have already deferred discovery for more than a year and a half. See also Rappoport v. Levy, 696 So.2d 526, 527 (Fla. 3d DCA 1997) (“Because respondent has not yet invoked his Fifth Amendment privilege, we think the trial court was premature in entering the [stay] order.”). In light of all these considerations, the trial court properly denied the motions for stay.
Affirmed.