DAVIS, Judge.
D. Blair Learn and R. Brian Learn (“the Learns”) challenge the trial court’s nonfi-nal order granting a motion to stay proceedings and protect corporate assets, which was filed by S and S Surgical Prod *336 ucts, Inc. (“the Corporation”), in the Learns’ action for equitable relief against Howard L. Shackelford, Sr.; Howard L. Shackelford, Jr.; and the Corporation (collectively “Appellees”).
The Learns and the Shackelfords make up the four-member board of directors of the Corporation, and Shackelford, Sr., serves as president of the Corporation. The Learns own fifty percent of outstanding stock, and the Shackelfords own the other fifty percent. The Learns filed suit against Appellees, alleging that the board of directors had become deadlocked in the management of the Corporation and that Shackelford, Sr., had repeatedly acted without board approval in conducting the Corporation’s affairs. The Learns sought equitable relief, namely that the trial court appoint a provisional director and enjoin Shackelford, Sr., from acting without board approval. In response, the Corporation filed an election to force the Learns to sell their stock for fair value.
The Learns moved to strike the election and strike the appearance of the Corporation’s counsel because Shackelford, Sr., retained counsel without board approval. The trial court denied these motions and, although the Learns originally filed a notice of appeal of that denial, they subsequently voluntarily dismissed the appeal.
Appellees then moved both to stay the proceedings so that valuation of the Learns’ shares could be completed and to protect corporate assets by changing the Corporation’s check-writing protocol to allow Shackelford, Sr., to draw checks on his signature alone. The Learns now appeal the trial court’s omnibus order granting Appellees’ motions.
Initially, we note that the trial court’s order does not fall within the parameters of Florida Rule of Appellate Procedure 9.130(a)(3)(B). As such, we treat this appeal as a petition for writ of certiorari. See Paley v. Cocoa Masonry, Inc., 354 So.2d 945, 946 (Fla. 2d DCA 1978) (“The stay order may not be reviewed by interlocutory appeal. But we choose to treat the appeal as a petition for certiorari.”) (citation omitted); see also Greene v. Cal. Fed. Bank, 658 So.2d 1027 (Fla. 4th DCA 1995).
Common law writ of certiorari “provides a remedy only if the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm.” Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004). The Learns have not met that burden here. Even if the trial court departed from the essential requirements of law by ordering that the proceedings be stayed while the Learns’ stock is valued, the Learns will be able to remedy any error on appeal by challenging the valuation of their stock. Likewise, any damage the Learns may allege resulting from Shackelford, Sr.’s check-writing authority may be raised below and again on direct appeal if necessary.
Because the Learns have not alleged that the trial court’s action here has resulted in a material injury to them that cannot be remedied on appeal, we do not have certiorari jurisdiction. See id. We therefore dismiss the petition.
Dismissed.
SALCINES and LaROSE, JJ., Concur.