994 So.2d 476 (2008)
Erika URQUIZA, Luis Urquiza and Gator Sports Collectibles, Inc., Petitioners,
v.
KENDALL HEALTHCARE GROUP, LTD., d/b/a Kendall Regional Medical Center, Respondent.
No. 3D08-653.
District Court of Appeal of Florida, Third District.
November 5, 2008.
*477 George M. Evans, Coral Gables, for petitioners.
Carlton Fields and Nancy C. Ciampa and Stephen J. Bronis and Walter J. Tache, Miami, for respondent.
Before WELLS, SUAREZ, and CORTIÑAS, JJ.
SUAREZ, J.
Erika and Luis Urquiza and Gator Sports Collectibles, Inc., (collectively "Gator defendants"), defendants in the civil theft and R.I.C.O action below and subjects of a federal criminal investigation arising out of the same facts, seek review of the trial court's order denying Gator defendants' motion for stay entered after the trial judge compelled the Gator defendants to produce documents and answer interrogatories. We treat the appeal as a petition for writ of certiorari and deny the petition because the Gator defendants have not met their burden of demonstrating a clear departure from the essential requirements of law resulting in irreparable harm. See Reeves v. Fleetwood Homes, Inc., 889 So.2d 812 (Fla.2004); Learn v. Shackelford, 903 So.2d 335 (Fla. 2d DCA 2005); see also Greene v. Cal. Fed. Bank, 658 So.2d 1027 (Fla. 4th DCA 1995); Fresh Del Monte Produce, N.V. v. Chiquita Int'l, Ltd., 664 So.2d 263 (Fla. 3d DCA 1996) (Cope, J., concurring in part and dissenting in part).
Kendall Healthcare Group, LTD. filed the present complaint against the Gator defendants claiming civil theft and R.I.C.O. Kendall Healthcare Group, LTD. propounded interrogatories and a request for production to each of the Gator defendants. The Gator defendants, who are the subjects of a criminal federal investigation of allegations similar in nature to those detailed in the civil complaint against them, made a blanket objection to the interrogatories and the request for production on grounds of the Fifth Amendment privilege against self-incrimination as they were being investigated by the United States Attorney's Office. At the same time, they filed a motion to stay the civil proceedings for six months on grounds that, due to the criminal investigation, it would be a violation of their Fifth Amendment rights to proceed in the civil action. The trial court overruled their objections, compelled answers to interrogatories and the production of the requested documents. The Gator defendants were ordered to produce the documents sought as well as to answer interrogatories or set forth specific objections, including the basis for the objections, as to each of the documents requested and each interrogatory. The trial court also denied the motion for stay without prejudice. The Gator defendants now seek review of the denial of their motion to stay the proceedings.
The trial court held that the Gator defendants failed to properly assert their objections based on Fifth Amendment privilege and therefore that a stay was not warranted. The Gator defendants made a blanket objection and failed to properly assert a specific objection to a particular question or particular document, a specific explanation as to why the answers to the questions or the production of the documents would warrant a stay and a specific showing of how they would be prejudiced by the continuation of the action below while the criminal investigation is ongoing. A blanket assertion of the Fifth Amendment right is insufficient to invoke the privilege against self-incrimination. In re Commitment of Smith v. State, 827 So.2d 1026 (Fla. 2d DCA 2002); Fischer v. E.F. Hutton & Co., 463 So.2d 289 (Fla. 2d DCA 1984); see United States v. Argomaniz, 925 F.2d 1349 (11th Cir.1991); *478 Sec. & Exch. Comm'n v. First Fin. Group, 659 F.2d 660 (5th Cir.1981). Similarly, "[a] blanket assertion of the privilege is an inadequate basis for the issuance of a stay." See United States v. Lot 5, Fox Grove, 23 F.3d 359, 364 (11th Cir.1994). Although under certain circumstances, a trial court may grant a stay in a civil proceeding for a limited time during the pendency of a concurrent criminal proceeding, such a stay is not constitutionally required. Sec. & Exch. Comm'n v. Dresser Industr., 628 F.2d 1368 (D.C.Cir.1980); see United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). It is not a departure from the essential requirements of law for the trial court to deny a motion for stay pending the outcome of a related criminal action. Here, as the Gator defendants failed to properly assert their Fifth Amendment privilege and failed to demonstrate a clear departure from the essential requirements of law resulting in irreparable harm, we agree that the trial court correctly denied the motion for stay and therefore deny the petition for writ of certiorari.
Petition for writ of certiorari denied.