LAMBERT, J.
Petitioner, the plaintiff below, seeks a writ of certiorari to quash an indefinite order of abatement of her civil action against Respondents. In the action below, Petitioner seeks damages- from the Respondents for injuries she sustained as a result of a dog attack. Respondents, Julie Shumer and Frank Shumer, are the alleged owners of the dog that attacked Petitioner and her dog, resulting in the death of Petitioner’s dog. The third Respondent, Kenneth Samuel Savage, was employed by the Shumers to walk the dog.
Approximately six weeks after the Respondents filed their answer and several affirmative defenses to the complaint,[1] Julie Shumer was criminally charged for actions arising from the same incident that gave rise to the civil action.[2] Julie Shumer thereafter filed a motion to abate the civil action “until such time that [she] can testify without compromising her privilege against self-incrimination,” or in the alternative, for the entry of a protective order precluding her from having to respond to *781 any discovery or requests for future deposition until her criminal case has been completed. The parties, by tacit agreement and without court intervention, took no action in the case for several months. Petitioner then filed a motion pursuant to section 768.72, Florida Statutes (2013), for leave to amend her complaint to add a claim for punitive damages. A hearing was held on the .motion to amend and on Respondent’s motion to abate. At the hearing, the parties agreed to postpone addressing the motion to amend and, after hearing argument, the court abated the entire action “until further order of the court.” In addition, the court scheduled a status conference for 90 days after entry of the September 15, 2014 abatement order.
Petitioner contends that the indefinite order of abatement of the entire case based upon Julie Shumer’s blanket assertion of the Fifth Amendment privilege against self-incrimination is a departure from the essential requirements of law that will cause her irreparable harm. We agree and grant the writ in part.
“It is settled law that the privilege against self-incrimination may be properly asserted during discovery proceedings if the civil litigant has reasonable grounds to believe that direct answers to deposition or interrogatory questions would furnish a link in the chain of evidence needed to prove a crime against him.” Childs v. Solomon, 615 So.2d 865, 866 (Fla. 3d DCA 1993) (citing Rainerman v. Eagle Nat’l Bank, 541 So.2d 740 (Fla. 3d DCA 1989)). The trial court, however, in considering a request for abatement should exercise the least intrusive means in fashioning relief, keeping in mind that a plaintiffs legitimate need to proceed expe-' ditiously must also be given weight. Kerben v. Intercontinental Bank, 573 So.2d 976, 978 (Fla. 5th DCA 1991); State v. Antonucci, 590 So.2d 998, 1000 (Fla. 5th DCA 1991). The challenged order, contrary to Respondent’s assertion, does not simply delay the case for a finite period.[3] Rather, it abates the entire action “until further order of the court.” Moreover, the order applies not only to Julie Shumer, but also to her Co-Respondents who are not being criminally prosecuted. No reason was provided at the hearing why the Petitioner should be precluded from at least pursuing discovery against the Co-Respondents.
We quash the order as to the Co-Respondents because we find that an abatement as to them departs from the essential requirements of law.[4] Article I, Section 2 of the Florida Constitution provides that justice shall be administered without denial or delay. However, we deny the petition as to Respondent, Julie Shumer, without prejudice to Petitioner seeking further relief if the trial court, after the upcoming status conference, either indefinitely stays the case against her, or does not otherwise consider a less intrusive means to safeguarding Respondent’s Fifth Amendment privilege.[5]
*782 PETITION FOR WRIT OF CERTIO-RARI GRANTED in part; DENIED in part; and ORDER QUASHED, in part.
ORFINGER and BERGER, JJ., concur.

. Counsel representing Julie Shumer in this proceeding represents all three Respondents in the litigation below.

. None of the other Respondents have been criminally charged.

. The transcript of the hearing on the motion to abate reflects that counsel for Petitioner specifically inquired if the stay would "automatically quash” after 90 days. The court apparently declined to explicitly address the inquiry, and instead, abated the case and scheduled a case management conference.

. The civil suit was filed in August 2013. "In Klein v. Royale Group, Ltd., 524 So.2d 1061, 1062-63 (Fla. 3d DCA 1988), the court held ’ that a stay became unreasonable fourteen months after the filing of the suit.” Eller Media Co. v. Serrano, 761 So.2d 464, 466-67 (Fla. 3d DCA 2000).

.The record before us does not indicate that interrogatories have been propounded to Julie Shumer or that her deposition had been scheduled. In any event, not every question *782 asked in a deposition or interrogatory will implicate the Fifth Amendment privilege. However, if Respondent believes a question may lead to incriminating evidence, she can make a specific objection to the question, assert her Fifth Amendment privilege and, at that time, the trial court, if requested, can exercise its discretion in determining whether it is reasonably possible that the answer could evoke an incriminating response. See Serrano, 761 So.2d at 466 (citing Delisi v. Smith, 423 So.2d 934 (Fla. 2d DCA 1982)).