# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT
_____

ARC GLOBAL INVESTMENTS II, LLC, and
PATRICK ORLANDO,

Appellants,

v.

TRUMP MEDIA & TECHNOLOGY GROUP
CORP, f/k/a DIGITAL WORLD
ACQUISITION CORPORATION; and
TMTG SUB., INC.,

Appellees.

No. 2D2024-1780
_____

April 30, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Sarasota County; Hunter W. Carroll, Judge.

Kevin P. Jacobs, Christopher J. King, and Antonio M. Hernandez, Jr., of
Homer Bonner Jacobs Ortiz, P.A., Miami, for Appellant ARC Global
Investments II, LLC.

Adam L. Schwartz and Andrew T. Figueroa, of Vedder Price (FL), LLP,
Miami, for Appellant Patrick Orlando.

Samuel J. Salario, Jr., Jason Gonzalez, Mathew D. Gutierrez, and
Caroline May Poor of Lawson Huck Gonzalez PLLC, Tallahassee, for
Appellees.

ROTHSTEIN-YOUAKIM, Judge.

ARC Global Investments II, LLC, and Patrick Orlando appeal the

trial court's order denying their motions to dismiss the first amended

complaint for improper venue and forum non conveniens and to stay the action until the completion of another lawsuit. We dismiss as moot ARC and Orlando's interlocutory appeal under Florida Rule of Appellate Procedure 9.130 directed at venue and forum non conveniens because the first amended complaint has been superseded by a second amended complaint that adds several additional claims, parties, and venue allegations. *See Wilner Hartley & Metcalf, P.A. v. Howard & Assocs.*, 65 So. 3d 620, 621 (Fla. 1st DCA 2011) (holding that a venue appeal was moot because the superseding complaint "included additional venue allegations and also alleged additional causes of action" and explaining that whether venue was proper under the latest complaint was "for the trial court to determine in the first instance"); *see also Fogarty Van Lines, Inc. v. Kelly*, 443 So. 2d 1070, 1071 (Fla. 2d DCA 1984) (noting that a venue appeal was technically moot because of a pleading amendment but reviewing under the unique circumstances of the case); *cf. A.G. v. Dep't of Child. & Fam. Servs.*, 932 So. 2d 311, 313–14 (Fla. 2d DCA 2006) (dismissing appeal because the issues raised were moot). The trial court should have the opportunity to assess venue and forum non conveniens for itself under the second amended complaint.

We review in certiorari a court's nonfinal order denying a motion to stay litigation. *Learn v. Shackelford*, 903 So. 2d 335, 336 (Fla. 2d DCA 2005); *see also Goodenow v. Nationstar Mortg., LLC*, 306 So. 3d 238, 239 (Fla. 3d DCA 2020); *Inphynet Contracting Servs., Inc. v. Matthews*, 196 So. 3d 449, 462 (Fla. 4th DCA 2016). On this record, however, ARC and Orlando have failed to demonstrate that they will suffer irreparable harm that cannot be remedied on appeal if this litigation is allowed to proceed. *See Rodriguez v. Miami-Dade County*, 117 So. 3d 400, 404 (Fla. 2013) (explaining that irreparable harm is a jurisdictional prerequisite in

certiorari proceedings); *Parkway Bank v. Ft. Myers Armature Works, Inc.,* 658 So. 2d 646, 649 (Fla. 2d DCA 1995) ("[A] petitioner must establish that an interlocutory order creates material harm irreparable by postjudgment appeal before this court has power to determine whether the order departs from the essential requirements of the law.").

Dismissed.

KELLY and VILLANTI, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.