# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2733
_____

KATHERINE MAGBANUA,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Robert R. Wheeler, Judge.

July 2, 2025

ROBERTS, J.

Following a second jury trial, Appellant Katherine Magbanua appeals her convictions for first-degree murder, conspiracy to commit murder, and solicitation to commit murder arising from her involvement in the shooting death of Florida State University law professor Daniel Markel in July 2014. For the reasons below, we affirm Magbanua's convictions.

Magbanua makes three arguments on appeal. First, she argues that the trial court erred by not evaluating the Fifth Amendment assertions made by Markel's ex-wife, Wendi Adelson, during her deposition. Before the first jury trial, which ended in a mistrial, Magbanua deposed Adelson. A transcript of the deposition is not part of the record, but the trial court reviewed the

transcript, evaluated Adelson's Fifth Amendment assertions, and concluded that Adelson's counsel made a good-faith effort to separate out questions that he could advise her to answer from those he was concerned were suspect. *See Eller Media Co. v. Serrano*, 761 So. 2d 464, 466 (Fla. 3d DCA 2000) ("Following the invocation of the Fifth Amendment privilege, the trial court determines the propriety and good faith of the invocation. The court then determines whether the responses to the questions posed will potentially implicate the party asserting the privilege."). Although Magbanua takes issue with the trial court's conclusion, without the deposition transcript, the record is inadequate to demonstrate reversible error. *See Gaspard v. Innocent*, 389 So. 3d 638, 639 (Fla. 3d DCA 2023) ("It is well-established that '[i]n appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error[,]' *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979), so the lack of a trial transcript or a proper substitute results in a record that is inadequate to demonstrate reversible error and requires affirmance.").

Second, Magbanua argues that the trial court erred in granting Adelson's motion for protective order to quash the subpoena for her appearance at the deposition. This argument is moot. After this Court dismissed Magbanua's petition for writ of certiorari to quash the order, *see Magbanua v. State*, 281 So. 3d 523 (Fla. 1st DCA 2019), the trial court granted her motion for reconsideration, and Adelson was deposed. *See Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992) ("An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect.").

Third, Magbanua argues that the trial court erred in not granting the State's motion in limine. To prohibit Magbanua from calling any witness, including Adelson, for the purpose of the witness invoking the Fifth Amendment, the State requested that certain procedures be followed, including that the trial court make a pretrial ruling on what questions Magbanua could ask Adelson as a defense witness. Because Magbanua did not join in the State's motion, she cannot now complain that the trial court erred in not granting the motion. *See Credit Indus. Co. v. Remark Chem. Co.*, 67 So. 2d 540, 541 (Fla. 1953) ("The general rule on appeal to

review proceedings of an inferior court is that a party to the cause may appeal only from a decision in some respect adverse to him."). Additionally, during the second trial, after Adelson's counsel advised that Adelson would unequivocally invoke her Fifth Amendment right to any question asked of her unless she was under a state subpoena, the trial court properly ruled that she could not be called as a defense witness. *See Ashley v. State*, 314 So. 3d 454, 457 (Fla. 3d DCA 2020) (holding that neither the State nor the defense may call a witness that the party knows will invoke the Fifth Amendment and refuse to testify).

Based on the record before us, Magbanua has not demonstrated prejudicial error. *See* § 924.051(1)(a), Fla. Stat. (2022) ("'Prejudicial error' means an error in the trial court that harmfully affected the judgment or sentence."). In preparation for the second trial, Magbanua had the benefit of not just Adelson's deposition testimony but also her testimony from the first trial. *See Magbanua*, 281 So. 3d at 526 ("And even though Adelson could invoke her Fifth Amendment privilege in response to any questions [posed in the deposition], the very invocation of the privilege by Adelson in response to specific questions may inform Magbanua's trial preparation."). During the second trial, Magbanua was able to thoroughly cross-examine Adelson, and Adelson answered all questions asked by Magbanua.

AFFIRMED.

BILBREY and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Candice Kaye Brower, Regional Counsel, and John Broling, Assistant Regional Counsel, Gainesville; Tara Kawass of Law Offices of Kawass, P.A., Miami, for Appellant.

3

James Uthmeier, Attorney General, and Robert Charles Lee, Assistant Attorney General, Tallahassee, for Appellee.